# KINNEY *v.* PLYMOUTH ROCK SQUAB COMPANY.

APPLICATION FOR LEAVE TO DOCKET AND PROSECUTE
WITHOUT PREPAYMENT OF FEES.

No.    .—Decided January 18, 1915.

Under the act of July 20, 1892, c. 209, 27 Stat. 252, as amended by the
act of June 25, 1910, c. 435, 36 Stat. 866, the allowance of the right
to sue *in forma pauperis* by defendants and by either party in ap-
pellate proceedings depends upon the exercise of the same discretion
as to the meritorious character of the cause to the same extent pro-
vided under the statute before amendment as to plaintiffs bringing
suit in the court of first instance.

Although the affidavit as to poverty may be sufficient, the allowance of
the right to prosecute a writ of error from this court *in forma pauperis*
is subject to the exercise of judicial discretion to determine the good
faith of the applicant and the meritorious character of the cause.

In the first case coming to the attention of the court, under a statute
prescribing procedure, an omission, probably inadvertent, may be
overlooked without making a precedent for future cases.

Although the petition required by the statute providing for the right
to prosecute a writ of error from this court *in forma pauperis* has
been omitted, the transcript which it is proposed to docket if the
petition is allowed discloses no ground sufficiently meritorious for
the allowance of the right, and the petition is denied.

Frivolous and fruitless litigation should cease.

THE facts, which involve the construction and applica-
tion of the Federal statute relative to conducting cases
*in forma pauperis*, are stated in the opinion.

*Mr. Robert D. Kinney pro se.*

No appearance or brief filed for Plymouth Rock Squab
Co.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

Prosecuting a writ of error in this case allowed by a
circuit judge, the plaintiff in error asks to be permitted to
docket the cause and conduct the proceedings *in forma*

*pauperis.* The matter is governed by the act of July 20, 1892, c. 209, 27 Stat. 252, as amended by the act of June 25, 1910, c. 435, 36 Stat. 866. We summarize their provisions, reproducing, however, in full the first section as amended by the act of 1910, as that was the only portion of the original act changed by the amendment, printing in italics the provisions added and putting in brackets with a line of erasure the words omitted in the amendment.

"SEC. 1. That any citizen of the United States entitled to commence *or defend* any suit or action, *civil or criminal,* in any court of the United States, may, *upon the order of the court,* commence and prosecute *or defend* to conclusion any [such] suit or action, *or a writ of error, or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith,* without being required to prepay fees or costs *or for the printing of the record in the appellate court* or give security therefor, before or after bringing suit or action, *or upon suing out a writ of error or appealing,* upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action *or of such writ of error or appeal,* [which he is about to commence] or to give security for the same, and that he believes *that* he is entitled to the redress he seeks by such suit or action *or writ of error or appeal,* and setting forth briefly the nature of his alleged cause of action, *or appeal.*"

The second section provides for permission to proceed as a poor person after commencement of suit. The third governs the conduct of court officers in cases coming under the statute. The fourth authorizes the appointment by the court of an attorney to represent poor persons "if it deems the cause worthy of a trial" and empowers the court at any stage after permitting proceedings as a poor person to dismiss the suit "if it be made to appear that the allega-

tion of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious." The fifth and last section points out the manner of entering judgment concerning costs in cases under the statute.

Prior to the amendment of 1910 on the face of the statute three things were certain: (a) that the statute imposed no imperative duty to grant a request to proceed as a poor person but merely conferred authority to do so when the fact of poverty was established and the case was found not to be frivolous, that is, was considered to be sufficiently meritorious to justify the allowance of the request; (b) that there was no power to grant such a request when made by a defendant; and (c) that there was also no authority to allow a party to proceed as a poor person in appellate proceedings in this court or the circuit courts of appeals. *Bradford* v. *Southern Railway*, 195 U. S. 243. Clarifying the first section as amended by these considerations, it becomes clear that the sole change operated by the amendment was to bring defendants within the statute and to extend its provisions so as to embrace, first, proceedings on application for the allowance of a writ of error or appeal to this court and the Circuit Court of Appeals, and second, the appellate proceedings in such courts. This being true, it is clear that as to the new subjects, the allowance of the right in those cases was made to depend upon the exercise of the same discretion as to the meritorious character of the cause to the same extent provided under the statute before amendment. That is to say, there is no ground for a contention that at one and the same time the statute brought certain proceedings within its scope and yet exempted them from its operation. Indeed this conclusion is not alone sustained by the implication resulting from the fact that the safeguards provided for the exercise of the authority found in the statute as originally enacted were not changed by the amendment, but further plainly results from the express provisions of the amended section

manifesting the purpose to subject the granting of the right in both the new instances provided for, to the exercise of the judicial discretion to determine the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked.

Under the assumption that the affidavit as to poverty is sufficient we come to the merits, in other respects, of the application. There is a failure, however, to comply with the requirement that a statement be made briefly setting forth the cause of action relied upon since the petition only refers to an assignment of errors which it is said will be found in the written transcript which it is proposed to docket when the request the petitioner makes is allowed. As this is the first case coming to our attention under the amended statute and the omission was probably inadvertent, without making a precedent for future cases we consider the case for the purpose of determining whether it is of such a character as to justify the allowance of the relief prayed.

On October 14, 1909, Robert D. Kinney, the petitioner, caused a writ of attachment to issue against the defendant to recover damages in the amount of $18,309.84. This writ was made returnable before the Circuit Court of the United States for the District of Massachusetts on the first Monday of December following, that is to say, on December 6, 1909. On October 26, service was made of the writ together with a declaration concerning the claim for damages. Before the return day (December 6, 1909), Kinney left with the clerk the writ and the declaration along with an order directing the clerk to enter the action and his appearance therein. The return day stated in the writ having expired, and the defendant not having entered its appearance, Kinney on December 20, 1909, instructed the clerk to enter a default against the defendant and some days thereafter, that is, on December 27, 1909, he sent to the clerk a written motion for entry of judgment with

directions to assess the plaintiff's damages at $19,026.98 as per an enclosed statement. The clerk declined to comply on the ground that the writ was made returnable on a day other than the first day of some statutory term of the court as required by the rules. When the first day of the next term arrived, that is, February 23, 1910, the clerk caused the case to be entered and on the following day the defendant appeared and some time after filed a demurrer and answer.

Without taking further steps in the cause, Kinney commenced an action in the Eastern District of Pennsylvania against the surety on the bond of the clerk to recover damages alleged to have been suffered by a violation of duty committed by the clerk in failing to enter the writ of attachment and to note the default under the circumstances which we have stated. After issue joined the case was decided against Kinney on two grounds: first, that the action of the clerk complained of was rightful, and second, that even if it was assumed to be wrongful, there was no proof of damage suffered as there was nothing to show that the corporation against whom the attachment was issued had any funds in its hands belonging to the defendant. (182 Fed. Rep. 1005.) In the Circuit Court of Appeals for the Third Circuit, on April 12, 1911, this judgment was affirmed, the court resting its conclusion solely on the ground that the action of the clerk in refusing to enter the judgment as requested was rightful and therefore no cause of action in favor of Kinney arose therefrom. (186 Fed. Rep. 477.) And in this court to which the case was brought on error, the judgment of the Court of Appeals was on motion affirmed, December 18, 1911. (222 U. S. 283.) On February 15 following, in the attachment suit in the District Court of Massachusetts, Kinney asked that the default as originally asked by him be entered *nunc pro tunc*. The motion was set down for hearing for a day in March, and, the petitioner not appearing, on hearing de-

fendant it was dismissed. In the meanwhile pending action on this petition, on February 28 a new attachment proceeding was sought to be begun by Kinney based upon the theory of the existence of a judgment against the defendant in the original proceeding and a writ of attachment which was made returnable on a day other than the first day of the following term was presented to the clerk with the request that he affix the seal of the court to it, which he declined to do on the ground of an improper return day. And the District Court refusing to command the clerk to comply with the request, mandamus proceedings were commenced in the Circuit Court of Appeals for the First Circuit to compel the clerk to comply. The court refused the mandamus upon the ground that because of the wrong return day the clerk had rightfully refused, supporting its conclusions by the same line of reasoning which caused the District Court in the Eastern District of Pennsylvania and the Circuit Court of Appeals for the Third Circuit in the cases to which we have previously referred to decide that the original action of the clerk in refusing to file because of a wrong return day was right. (202 Fed. Rep. 137.) Thereupon the suit before us was commenced in March, 1913, in the District Court of Massachusetts to recover on a judgment against the defendant upon the assumption that such a judgment had been rendered in the original suit; and after issue joined there was a judgment in favor of the defendant company on the ground that there was no such judgment in said suit, the court again directly upholding the rightfulness of the action of the clerk in having originally refused to enter the cause because of the wrong return day. This judgment was affirmed by the Circuit Court of Appeals in a careful opinion sustaining the same view (214 Fed. Rep. 766), and it is this judgment that is intended to be brought under review in the proceedings which it is prayed may be conducted *in forma pauperis*. And the assignments of error

but challenge, for reasons which it is unnecessary to re-capitulate, the lawfulness of the action of the clerk in originally refusing to comply with the request to file the attachment proceedings and enter the default judgment and assess the damages before the first day of the term following the issue of the writ, and therefore but assail all the various opinions and judgments to which we have referred in stating the history of the case.

Under these circumstances we think it is manifest that no ground is shown for the allowance of the prayer of the petition. The case proceeds upon the erroneous assumption that a judgment was rendered in a cause which is yet pending and undisposed of; in other words, the case assumes as a basis for relief the existence of that which does not exist. It seeks collaterally to attack that which was only susceptible of being assailed directly. It disregards the conclusive effect of the judgments as to the want of merit in the claim rendered in the courts of the first and third circuits and by implication disregards the legal consequences necessarily arising from the former action of this court. Indeed, irrespective of these considerations, to the end that frivolous and fruitless litigation may cease, we say that we are clearly of the opinion that the absolute want of merit in the case is demonstrated by the views expounded in the opinions of the courts of the first and third circuits to which we have referred concerning the rightfulness of the action of the clerk in refusing to file the papers and enter the judgment for damages under the circumstances disclosed.

*The prayer of the petition is denied.*