## J. W. COX MOTOR SALES CO. v. GOODCELL, former Collector of Internal Revenue.
### No. 4374.

District Court, S. D. California, Central Division.

July 22, 1933.

## DE HAY v. CLINE et al.
### No. 4481.

District Court, N. D. Texas, Dallas Division.

Feb. 8, 1933.

C. W. Johnson, Jr., U. S. Atty., of Fort Worth, Tex., for defendants.

Crate Dalton, of Dallas, Tex., for plaintiff.

ATWELL, District Judge.

Rule 5 of this court, in harmony with an Act of July the 20th, 1892, page 252, volume 27, Stat. at Large, as amended in 1910, as shown at page 866; 36 Stat. at Large (28 USCA § 832 note), requires the deposit for costs or security therefor, except where the litigant is a pauper.

■ Under this provision in states such as Texas, where contracts between attorneys and clients for a contingent interest are legal, if the attorney has such interest, he too must testify to his inability to either pay the cost or give security therefor.

■ In addition to this there must also be a primary showing to the court that the action is meritorious and not frivolous.

The cases that seem to hold otherwise are such cases as arise in states where champertous contracts are not permitted; that is, where attorneys would be guilty of champerty if they entered into such contingent contracts with the client. Kinney v. Plymouth Rock Squab Co., 236 U. S. 43, 35 S. Ct. 236, 59 L. Ed. 457; Whittle v. St. Louis & S. F. R. Co. (C. C.) 104 F. 286; Boyle v. Great Northern R. Co. (C. C.) 63 F. 539; Feil v. Wabash R. Co. (C. C.) 119 F. 490; Phillips v. Louisville & N. R. Co. (C. C.) 153 F. 795; Esquibel v. Atchison, T. & S. F. R. Co. (D. C.) 206 F. 863; U. S. v. Ross (C. C. A.) 298 F. 64, 33 A. L. R. 728; Chetkovich v. U. S. (C. C. A.) 47 F.(2d) 894. The latter case was affirmed in (C. C. A.) 53 F.(2d) 26, and writ of certiorari denied by the Supreme Court, 285 U. S. 541, 52 S. Ct. 314, 76 L. Ed. 934.

■ That the contracts for a contingent interest are legal in Texas we all know from actual practice, but it is shown at section 87 of 5 Tex. Jur. p. 498.

It certainly is for the best interests of society, as well as for the bar and the earnest and diligent litigant, that the rules respecting this matter should be carefully observed. It will frequently save the bar from participation in reckless litigation, and it tends to sober the bringing of useless suits, which are a source of congestion and expense.

In the particular case the plaintiff sues for large damages. A portion of the recovery has been contracted to his attorney. The plaintiff alone makes the affidavit of poverty. There is no showing as to merit in the suit. This particular lack of virtue, if it be such, is attacked by the attorneys for the defendant. They allege that the suit is frivolous and mischievous.

It will be necessary to comply with the rules of the court as to the giving of security, or make deposit for the costs, or, in the alternative, some justification under the exception which permits meritorious causes to be prosecuted on pauper's affidavit of all those who are interested in the recovery.