**NIX v. UNITED STATES.**

**No. 10310.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1942.

Rehearing Denied Dec. 23, 1942.

858

No appearance for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY and McCORD, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

The appellant was convicted June 21, 1937, and sentenced to pay a fine of $10,-000 and to serve ten years in the penitentiary, and the execution of the imprisonment sentence was suspended and appellant put on probation. On April 23, 1942, his probation was revoked and the imprisonment sentence was reduced to two years. The next day he filed a notice of appeal to this Court, stating as grounds of appeal only rulings made during the trial in 1937. No record on appeal was ever prepared and filed in this Court. On the call of the case on November 4, 1942, the United States moved to dismiss the appeal. The appellant moved to be allowed to prosecute the appeal in forma pauperis and for further time to prepare the record.

The statute, 28 U.S.C.A. § 832, permits the trial court to prevent an appeal in forma pauperis by a certificate in writing that in its opinion the appeal is not taken in good faith. Ordinarily application ought to be made to the trial court, that opportunity may be given the trial court so to certify. But the appellate court also can grant an appeal in forma pauperis, but the grant rests in the discretion of the court, and will be denied if the appeal appears not to be meritorious. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457. The present appeal is without merit. Every ground urged relates to the trial in 1937. The judgment of conviction occurred then, and an appeal from it must, under Rule III for Criminal Procedure, 18 U.S.C.A. following section 688, be taken within five days, unless a motion for new trial be made. Fewox v. United States, 5 Cir., 77 F.2d 699; Miller v. United States, 5 Cir., 104 F.2d 343; United States v. Tousey, 7 Cir., 101 F.2d 892. No provision is made for delaying appeal because of the putting of the defendant on probation. Probation does not set aside the judgment of conviction, but itself involves a judgment of conviction, even when the imposition of sentence is suspended, because probation can only be visited on a convict, and is itself a form of mild punishment. Cooper v. United States, 5 Cir., 91 F.2d 195. If the probated convict is dissatisfied at his conviction he can and must appeal at once. This appellant is far too late. The appeal being without merit, the application to prosecute it in forma pauperis is denied. The appeal itself is dismissed for want of due prosecution.