## Application of TAYLOR.

Circuit Court of Appeals, Seventh Circuit.

Jan. 4, 1944.

Rehearing Denied Jan. 21, 1944.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Petitioner seeks leave to prosecute an appeal in forma pauperis from an order denying his application for a writ of habeas corpus, and the appointment of counsel to represent him in this court. The detention of which he complains results from process issued out of an Illinois state court.

We are informed by the memorandum accompanying the order from which the appeal is sought that petitioner was sentenced to serve a term of from one to twenty years on a plea of guilty to two charges of burglary; that the sentence was made in January, 1927, and the sentences were to run concurrently with a sentence of from ten years to life on a verdict of guilt for having committed a robbery with a gun; that petitioner was paroled March 28, 1938, and that his application for parole discharge was granted on December 10, 1941, but before he actually received his certificate of discharge he was involved in a shooting affair, and on February 2, 1942, was sentenced to imprisonment for one year, whereupon the Parole Board order of March 28, 1938, was revoked, on January 23, 1942, and he was declared a parole violator in March, 1943, and his case continued. He is now serving sentence on the armed robbery charge.

We are convinced that petitioner's application must be denied for several reasons. He is not, of course, entitled to proceed without payment of costs unless it appears from his application that there is merit in his cause. Kinney v. Plymouth Rock Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Nix v. United States, 5 Cir., 131 F.2d 857; Gilmore v. United States, 5 Cir., 131 F.2d 873; Moore v. King, 8 Cir., 130 F.2d 857; Smith v. Johnston, 9 Cir., 109 F.2d 152. Moreover, inasmuch as the detention complained of is by virtue of process issuing out of a state court, the appellate court has no jurisdiction, under the provisions of 28 U.S.C.A. § 466, to entertain an appeal, in the absence of a certificate of probable cause, and no such certificate accompanies the application in this case. See Botwinski v. Dowd, 7 Cir., 118

F.2d 829; Schenk v. Plummer, 9 Cir., 113 F.2d 726.

The petition here presented sets forth nothing which would indicate that petitioner has made any attempt to obtain relief through the medium of the state courts. The law is well established that, save in exceptional cases of peculiar urgency, federal courts will not exercise their power to issue writs of habeas corpus to inquire into the detention of persons held in custody by the authority of state courts. See Kelly v. Ragen, 7 Cir., 129 F.2d 811, and cases there cited.

We find no error in the order from which the appeal is sought, hence no occasion for granting the leave prayed, to prosecute an appeal therefrom in forma pauperis, or for appointing counsel to represent petitioner in this court.

Petition denied.