### UNITED STATES ex rel. RASMUSSEN v. RAGEN, Warden.

#### No. 8745.

Circuit Court of Appeals, Seventh Circuit.

Jan. 10, 1945.

C. S. Bentley Pike, of Chicago, Ill., and Arthur Rasmussen, of Joliet, for appellant.

George F. Barrett, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner is a prisoner in the Illinois State Penitentiary, pursuant to three judgments of conviction of a state court. From an order dismissing his petition for writ of habeas corpus brought in the District Court after he had exhausted his remedies in the state courts, he seeks permission of this court to prosecute an appeal in forma pauperis.

Petitioner, on February 4, 1935, was sentenced to serve a term of from one to ten years for embezzlement; on June 10, 1935, he was sentenced to a term of one to fourteen years for manslaughter; and on June 10, 1935, he was sentenced to serve a term of one to twenty years for arson. The sentences were to run concurrently. He was committed to the Illinois State Penitentiary on June 14, 1935.

An appeal from a final decision of a District Court is a matter of right, but the right to appeal without being required to prepay fees and costs in the appellate court is regulated by statute, 28 U.S.C.A. § 832. This court, however, is not required to permit a poor person to proceed without payment of costs unless there is a showing of merit. Kinney v. Plymouth Rock Squab

Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457, and Gilmore v. United States, 8 Cir., 131 F.2d 873. This appeal is without merit and we might well have denied the application to proceed in forma pauperis. We have, however, concluded to grant the application. It is so ordered.

Appellant was imprisoned under the Illinois Indeterminate Sentence Act, chap. 38, par. 802, Smith-Hurd Ill.Rev.St.1935, which provides, in substance, that, except for certain designated crimes, the sentence of the court shall be a general sentence of imprisonment and the courts are prohibited from fixing the amount or duration of such imprisonment. The statute also states that the term of commitment shall be for not less than the minimum nor more than the maximum terms provided by law for the offense of which the person stands convicted and, further, that "It shall be deemed and taken as a part of every such sentence, as fully as though written therein, that the term of such imprisonment or commitment may be terminated earlier than the maximum by the Department of Public Welfare, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment." The statutory penalty for arson is for a term of years not less than one nor more than twenty years. Chap. 38, § 48, Smith-Hurd Ill.Rev.St.1935.

Appellant contends that he has served the maximum terms of the sentences imposed in the first two judgments and that having complied with the rules and regulations of the parole board, he became eligible for release *upon parole* in the arson case, on March 28, 1944.

The sentence in the arson case, as we have already observed, being for twenty years, appellant may not demand, as a matter of right, that he be discharged before the expiration of such maximum term, People v. Connors, 291 Ill. 614, 126 N.E. 595, and since the parole board, in the exercise of its lawful functions, has not yet determined that appellant is a fit person to serve his sentence outside the penitentiary, nor admitted him to parole, the District Court properly dismissed his petition for writ of habeas corpus. People ex rel. Michaels v. Bowen, 367 Ill. 589, 12 N.E.2d 625, and United States ex rel. Foley v. Ragen, 7 Cir., 143 F.2d 774.

Affirmed.