HIGGINS v. STEELE.
No. 14477.

United States Court of Appeals
Eighth Circuit.
April 3, 1952.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The District Court, after permitting the appellant, Thomas Higgins, to file his petition for a writ of habeas corpus in forma pauperis, and after requiring the respondent (appellee) to show cause why a writ should not be issued, dismissed the petition on the ground that the sentence under which Higgins was confined was valid.

The sentence was imposed by the United States District Court for the District of Massachusetts on November 19, 1947, and was to begin "upon the release of the defendant [Higgins] from institution where he is now serving a sentence under a judgment of a Court of the Commonwealth of Massachusetts." Higgins had on November 18, 1947, on his plea of guilty, been convicted of larceny in the Superior Court for the County of Suffolk, Massachusetts, and had been sentenced by that court to a term of not more than four nor less than three years imprisonment in the State Prison in Boston. The federal court based its sentence of November 19, 1947, upon the verdict of a jury returned on November 14, 1947, finding Higgins guilty of thefts from the United States mails. At the time of his trial and the time of his sentence in the federal court, Higgins was in the custody of the Massachusetts authorities. His presence at those times was procured by the issuance of appropriate writs by the federal court, which were honored by the authorities of Massachusetts. Higgins appealed from the sentence imposed by the federal court. It was affirmed. Higgins v. United States, 1 Cir., 176 F.2d 541.

Higgins asserted in his petition for a writ of habeas corpus that the federal district court in Massachusetts lost jurisdiction to sentence him and violated his right to due process, when, after verdict and before sentence, the court returned him for arraignment to the Superior Court for Suffolk County, Massachusetts. The District Court for the Western District of Missouri ruled that Higgins' federal sentence was valid, and dismissed his petition. He was permitted to appeal in forma pauperis.

Thomas Higgins, pro se.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for appellee.

■ This proceeding, from its inception, was patently frivolous not only for the reason given by the District Court for its dismissal, Ponzi v. Fessenden, 258 U.S. 254, 260, 265–266, 42 S.Ct. 309, 66 L.Ed. 607; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 962; Stamphill v. United States, 10 Cir., 135 F.2d 177, 178 and cases cited, but because the court was, by 28 U.S.C.A. § 2255, precluded from entertaining it. That section, in part, provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Whatever doubts there may have been as to the validity of § 2255 have now been put at rest by United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263.

In Meyers v. Welch, 4 Cir., 179 F.2d 707, 708, Judge Parker said:

" * * * the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus."

See, also, Pinkerton v. Steele, 8 Cir., 181 F.2d 536; Armstrong v. Steele, 8 Cir., 181 F.2d 763; Weber v. Steele, 8 Cir., 185 F.2d 799.

■■ While the District Court correctly dismissed this proceeding, we think it should not have granted Higgins leave to proceed in forma pauperis, should not have put the respondent to the trouble and expense of making a return, should not have allowed Higgins leave to appeal as a poor person, and should have certified that his appeal was not taken in good faith. This proceeding was obviously doomed to futility from its inception and could not lawfully have been entertained.

■■ Leave to proceed in forma pauperis under 28 U.S.C.A. § 1915 is a privilege, not a right. Prince v. Klune, 80 U.S. App.D.C. 31, 148 F.2d 18; Dorsey v. Gill, 80 U.S. App.D.C. 9, 148 F.2d 857, 877. An application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie, Crockett v. United States, 9 Cir., 136 F.2d 11; Barkdoll v. United States, 9 Cir., 147 F.2d 617, 618–619, nor is the order reviewable by mandamus. Fisher v. Cushman, 9 Cir., 99 F.2d 918. This Court has, however, entertained appeals from such orders, on the assumption that they were appealable, in at least two cases. Gilmore v. United States, 8 Cir., 131 F.2d 873, and Taylor v. Steele, 8 Cir., 191 F.2d 852.

In the case of Gilmore v. United States, supra, at page 874 of 131 F.2d, this Court said:

"A federal court will not grant leave to a poor person to proceed in forma pauperis, under § 832 [now § 1915], Title 28, U.S.C.A., if it is clear that the proceeding which he proposes to conduct is without merit and will be futile. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457; Pothier v. Rodman, 261 U.S. 307, 309, 43 S.Ct. 374, 67 L.Ed. 670; De Groot v. United States, 9 Cir., 88 F.2d 624; Phillips v. McCauley, 9 Cir., 92 F.2d 790, 791; Fisher v. Cushman, 9 Cir., 99 F.2d 918; Whittle v. St. Louis & S. F. R. Co., C.C., [8 Cir.] 104 F. 286; De Hay v. Cline, D.C., 5 F.Supp. 630, 631; In re Schulte, D.C., 21 F. Supp. 1016, 1017, 1018."

See also, Application of Taylor, 7 Cir., 139 F.2d 1018; United States ex rel. Rasmussen v. Ragen, 7 Cir., 146 F.2d 516; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566.

█ This does not necessarily mean, we think, that a court must deny leave to a petitioner to file a meritless petition without payment of clerk's fees. In the interest of orderly procedure and of keeping proper court records, it may be advisable to permit the petitioner to file his petition if it is one which the court has jurisdiction to entertain, and then to dismiss it "if satisfied that the action is frivolous or malicious." 28 U.S.C.A. § 1915(d). But there is no reason why a respondent in a patently frivolous proceeding should be called upon to make a return or answer, or why an appeal in forma pauperis should be allowed a petitioner from an order dismissing such a proceeding or denying the relief prayed for. The District Court may, however, we think, for the sake of the record, permit the filing of a notice of appeal without prepayment of costs, even in a frivolous case, before certifying that the appeal is not taken in good faith, in order to avoid any controversy as to the time when the notice was received by the Clerk.

█ Although no district judge likes to pass upon the correctness of his own decisions, it is his duty, if he is thoroughly convinced that there is no substantial question for review and that an appeal will be futile, to certify that the appeal sought to be taken in forma pauperis is not taken in good faith. And we will not entertain a direct application to this Court for a certificate of good faith as a basis for allowing an appeal in forma pauperis unless it clearly appears from the record submitted to us that the denial of such a certificate by the trial court was aribitrary or unwarranted. See Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566–567. We say this not to relieve ourselves of the burden of reviewing cases which have no merit, but to relieve those who are required to resist such appeals of unnecessary trouble and expense.

█ The federal courts should, we think, do all that reasonably and lawfully may be done to dispose of petitions for habeas corpus, and kindred proceedings, which are patently frivolous or obviously without merit, as expeditiously and with as little trouble and expense to the respondents as possible. While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings.

We realize that the serious consideration which this Court has given to appeals in forma pauperis in hopeless cases may have led the District Judges in this Circuit to believe that such appeals should be allowed with extreme liberality. We are now of the opinion that much greater care should be taken in screening such cases, in order to separate those which are clearly without merit from those which are meritorious or which at least present some substantial question worthy of consideration. See Taylor v. Steele, 8 Cir., 194 F.2d 864.

The order appealed from is affirmed.