## UNITED STATES v. GICINTO.

### No. 18424.

United States District Court
W. D. Missouri, W. D.

Sept. 24, 1953.

See also, 114 F.Supp. 204.

Edward Scheufler, U. S. Atty., Kansas City, Mo., Hugh Miner, Kansas City, Mo.,

William Russell, East Prairie, Mo., Asst. U. S. Attys., for plaintiff.

Homer A. Cope, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The applicant was convicted on three counts of an indictment which charged him with passing counterfeit money. Before conviction many motions were filed on behalf of the applicant, all designed to challenge the sufficiency of the indictment and calling for information to be supplied by the government.

After a protracted trial the applicant was convicted. He testified in his own behalf. He denied the charges, although three witnesses testified positively that he had passed to each one separately the counterfeit bills of the denomination of $20 each.

The surrounding circumstances justified the court in admitting in evidence a passport as suggestive of a purpose to flee the jurisdiction of the court after the alleged crimes. Complaint is made of this as error. The identical complaint is made in a motion for a new trial together with other assignments of claimed error, and in overruling the motion, the following conclusion was reached by the writer:

"An examination of the indictment and briefs of counsel and a review of the evidence in the case justifies the conclusion that the defendant was fairly tried upon a valid indictment before an impartial jury and that the verdicts of the jury on the three counts of the indictment should be upheld."

And now the plaintiff seeks to proceed on an appeal in forma pauperis. The statute, Section 1915, Title 28 U.S.C.A., is properly set out by counsel in his brief. It is to be noted that if the court should make the order for record on appeal the expense thereof can only be paid when authorized by the Director of the Administrative Office of the United States Courts. The authority, therefore, to grant a free record to the applicant is a limited one. Moreover, the statute provides that:

"An appeal may not be taken in forma pauperis if the trial court certi-

930

fies in writing that it is not taken in good faith."

This has been construed to mean that if the court is of the opinion that the appeal is frivolous and without merit, and a futile proceeding, the application should be denied. The statute contained approximately the same wording in 1915, when the Supreme Court, in the case of Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, loc. cit. 45, 35 S.Ct. 236, 237, 59 L.Ed. 457, put the following interpretation upon the statute:

> "* * * the statute imposed no imperative duty to grant a request to proceed as a poor person, but merely conferred authority to do so *when the fact of poverty was established* and the case was found not to be frivolous, that is, was considered to be sufficiently meritorious to justify the allowance of the request." (Emphasis mine.)

■ In this case, although the defendant has made an affidavit of poverty, the testimony given by him justifies the conclusion that he is well able to pay the expenses of appeal. These facts were brought out by evidence in the trial, and, moreover, the very fact that, approximately at the same time the crimes were committed, the defendant procured a passport for a trip beyond the seas, would indicate that he was financially able to meet the expenses of his appeal.

■ Again, as suggested in the memorandum overruling the motion for a new trial, the court is not impressed with the merits of an appeal. Three witnesses testified positively that the defendant passed the bills to them. The jury believed such witnesses and it was justified in doing so. The Court of Appeals, this Circuit, in Gilmore v. United States, 131 F.2d 873, loc. cit. 874, said:

> "A federal court will not grant leave to a poor person to proceed in forma pauperis, under section 832, Title 28 U.S.C.A. (now section 1915, Title 28 U.S.C.A.) *if it is clear that the proceeding which he proposes to conduct is without merit and will be futile.*" (Emphasis mine.)

This pronouncement is supported by a wealth of authorities.

Under the circumstances it seems proper to deny the application to appeal in forma pauperis, and in doing so to make the statutory certificate that the appeal "is not taken in good faith" for the reason that it is without merit.