**MORRIS v. IGOE, Judge et al.**
No. 11049.

United States Court of Appeals
Seventh Circuit.
Dec. 30, 1953.

Edmund Robert Morris, pro se.

Before DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This matter was not argued orally, but was presented by Morris' petition asking this court to direct Honorable Michael L. Igoe, United States District Judge, and Roy H. Johnson, Clerk of the United States District Court for the Northern District of Illinois, to furnish him, as a poor person, a certified copy of the record of certain proceedings in the district court, in connection with an appeal he had taken to this court.

Morris filed a complaint in the district court alleging that during six specified months in 1952 and during January and February, 1953, he was in the custody of Sheriff Babb and Warden Scanlan in the Cook County Jail; that while in such custody he subscribed to certain Chicago daily and Sunday newspapers; that said defendants censored said newspapers before their delivery to him by cutting out "stories, sections, and pages for no reason whatsoever." Morris alleges such conduct by the defendants violated his constitutional rights.

In the district court Morris was permitted to file his complaint as a poor person, and an attorney was appointed to represent him. On motion of the defendants the complaint was dismissed. Morris filed a notice of appeal to this court. He then petitioned the district court that he be furnished a certified copy of the record. This petition was denied by Judge Igoe.

While the right to appeal from a final decision of a district court is a matter of right, the right to appeal as a poor person, without being required to prepay fees and costs in the appellate court, is regulated by statute, 28 U.S. C.A. § 1915. United States ex rel. Rasmussen v. Ragen, Warden, 7 Cir., 146 F.2d 516. Morris is not entitled to proceed further with his appeal as a poor person unless it appears from his ap-

plication that there is merit in his cause. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Application of Taylor, 7 Cir., 139 F.2d 1018. It should be apparent from his application that some substantial question worthy of consideration is presented. Higgins v. Steele, 8 Cir., 195 F.2d 366.

It is clearly evident that petitioner's alleged cause of action was and is entirely without merit. Kelly v. Dowd, 7 Cir., 140 F.2d 81, 83. Morris' motion to file his petition with this court in forma pauperis is granted. His petition that this court order the district court to furnish him a certified copy of the record is denied.