**UNITED STATES of America,**
**Plaintiff,**

v.

**Albert DUGANS and Theodore Walton,**
**Defendants.**

**No. 4-57-Cr-59.**

United States District Court
D. Minnesota,
Fourth Division.

Jan. 31, 1958.

Clifford Janes, Asst. U. S. Atty., for plaintiff.

Lawrence J. Vaubel, Minneapolis, Minn., for defendant Theodore Walton.

DEVITT, District Judge.

The above-entitled matter came on for hearing before the undersigned, one of the Judges of the above-named Court, in the United States Courthouse, in the City of Minneapolis, Minnesota, on the 13th day of January, 1958, upon the motion of the defendant Theodore Walton for leave, pursuant to 28 U.S.C.A. § 1915, to proceed in this cause and upon appeal to the United States Court of Appeals for the Eighth Circuit *in forma pauperis*.

The Court having heard the argument of counsel, and having considered the written memorandums and other papers on file submitted by counsel, and for the reasons stated in the annexed memorandum hereby made a part of this order,

It Is Ordered that said motion be, and the same hereby is in all things, denied, and further, upon motion of the United States:

The undersigned herein and hereby certifies in accordance with and pursuant

to the provisions of 28 U.S.C.A. § 1915, that the appeal of the defendant, Theodore Walton, is not taken in good faith within the meaning of said statute.

### Memorandum.

 In considering a motion for leave to appeal *in forma pauperis* it is the duty of the District Judge to determine whethed the proposed grounds upon which the appeal is to be taken present a substantial question for review. If the Court is thoroughly convinced that no substantial question is raised and that an appeal will be futile, then it is his duty to certify that the appeal sought to be taken *in forma pauperis* is not taken in good faith. Higgins v. Steele, 8 Cir., 195 F.2d 366.

The defendant has presented three grounds upon which any appeal taken would be based. The first relates to the question of circumstantial evidence. The defendant contends that the only evidence against him in this case was circumstantial and that this evidence was as consistent with innocence as guilt; therefore, the defendant feels he is entitled to a judgment of acquittal. The short answer to this contention is that much of the evidence against the defendant here was direct rather than circumstantial. In any case the Court feels that the evidence as submitted is wholly inconsistent with innocence.

The defendant's second claim of error concerns the failure of the Court to give an instruction relating to circumstantial evidence. This question has been answered adversely to the defendant in the case of Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, and requires no further discussion.

The final issue raised by the defendant has reference to the Court's sustaining of an objection to the defendant's attempt to call his co-defendant, Dugans, as a witness in his behalf. The Court is satisfied that no real issue is present here since counsel for the defendant stated to the Court at the time he attempted to call the defendant, Dugans, to the stand, that he had no intention of eliciting any testimony from Dugans which had not already been brought out when Dugans was a witness in his own behalf.

This Court is thoroughly convinced that the claims of the defendant present no real or substantial issues for review, and therefore, pursuant to Higgins v. Steele, supra, the Court has denied the defendant's motion and has certified that the appeal is not taken in good faith.