**UNITED STATES of America**

v.

**James C. WILSON, Defendant.**

United States District Court
S. D. New York.

May 22, 1958.

Paul W. Williams, U. S. Atty., New York City, by William S. Lynch, New York City, of counsel, for the United States.

James C. Wilson pro se.

IRVING R. KAUFMAN, District Judge.

Petitioner, presently confined in the United States Penitentiary at Leavenworth, Kansas, moves under 28 U.S.C.A. § 1915 for leave to obtain in forma pauperis the transcript of his trial proceeding and for the appointment of counsel. Two previous applications for similar relief have been denied, without prejudice, by Judges Noonan and Cashin on the grounds that petitioner did not set out the purposes for which the papers were sought and the relief contemplated.

The record reveals that on July 3, 1957 petitioner, represented by counsel, pleaded not guilty to a three-count indictment charging him with sale of heroin, possession of marihuana and conspiracy to violate the federal narcotic laws. On July 23, 1957 his trial commenced before the Honorable J. Skelly Wright. It was continued on July 24 and on July 25 petitioner withdrew his plea of not guilty and pleaded guilty to counts 1 and 3 of the indictment.

On the day of sentence, September 12, 1957, petitioner on his own behalf, moved for leave to withdraw his plea of guilty on counts 1 and 3 and to enter a plea of not guilty. The basis of his motion was that exculpatory evidence had not been introduced during the trial. The Court properly denied this motion on the grounds that "evidence available at the time of trial is not a basis for a new trial and so not a basis to withdraw the plea." See United States v. Johnson, 7 Cir., 142 F.2d 588, 592, appeal dis-

missed 1944, 323 U.S. 806, 65 S.Ct. 264, 89 L.Ed. 643. Petitioner was then granted an opportunity to make any further statement he wished, but declined to do so.

Though the instant petition is still deficient in not setting out the type of proceeding for which relief under 28 U.S.C.A. § 1915 is sought, I shall assume the action contemplated by petitioner must be in the nature of a 28 U.S.C.A. § 2255 proceeding and shall consider the petition as directed toward this end.

It is clear that a party's recourse to the provisions of 28 U.S.C.A. § 1915 is not a matter of right but a privilege and he is not entitled to the relief therein provided unless it appears that there is some merit to his cause. See Kinney v. Plymouth Rock Squab Co., 1915, 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Application of Taylor, 7 Cir., 1944, 139 F.2d 1018. In the instant case I find petitioner's charges frivolous and entirely lacking in merit.

The moving papers contain no suggestion that the plea of guilty was not understood by the petitioner or that it was induced by fraud or coercion. The purpose of petitioner's motion to withdraw his plea of guilty was to permit him to introduce further evidence, which was concededly available during the trial. Under these circumstances the refusal of the trial judge to accommodate petitioner in his request was entirely justified and in no way constituted an abuse of discretion.

Nor can petitioner now seek a retrial of the issues by alleging that his counsel was incompetent or derelict in his defense. Unless counsel's failure was such as to make the trial a mockery of justice a motion under § 2255 is of no avail. United States v. Miller, 2 Cir., 1958, 254 F.2d 523. Petitioner was represented at all times during the proceedings by counsel of his own choosing and at no stage of the proceedings can I find any violation of petitioner's constitutional rights.

The petition is denied. So ordered.