John D. MACHIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16705.

United States Court of Appeals
Eighth Circuit.

June 1, 1961.

John Machin, pro se.

Osro Cobb, U. S. Atty., Little Rock,
Ark., and Milton D. Bowers, Asst. U. S.
Atty., Little Rock, Ark., for appellee.

Before SANBORN, VOGEL and VAN
OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal from an order deny-
ing a motion of John D. Machin, under
28 U.S.C. § 2255, for the vacation of a
three-year sentence of imprisonment im-
posed on him April 21, 1959.  The sen-
tence was based upon his plea of guilty
to an Information filed against him in the
United States District Court for the
Northern District of California on March
17, 1959, after he had filed a waiver of
indictment.  On April 3, 1959, Machin
filed in that court a "Consent to Trans-
fer of Case for Plea and Sentence," duly
signed by him, reading as follows:

"I, John Donovan Machin, defend-
ant, have received and read a copy of
the Information pending against me
in the above-styled and numbered
cause, and understand the charge
stated therein, and having been ad-
vised of my constitutional rights,
including the right to advice of coun-
sel, I wish to plead guilty to the of-
fense charged, to waive trial there-
under in the Northern District of
California and to consent to disposi-
tion of the case in the Eastern Dis-
trict of Arkansas, Western Division,
in which I am under arrest."

Having procured the transfer of his
case, under Rule 20 of the Federal Rules
of Criminal Procedure, 18 U.S.C., from
the United States District Court for the
Northern District of California to the
United States District Court for the
Eastern District of Arkansas, for the
purpose of entering a plea of guilty,
Machin came before the latter court for
arraignment on April 20, 1959.  The
court advised him fully of the charge con-

tained in the Information (interstate transportation of a forged Travelers Check, in violation of 18 U.S.C. § 2314), and stated to Machin what the consequences of his conviction of the offense might be. The court asked him if he wanted an attorney. His answer was "No, sir." Machin then tendered his plea of guilty, which the court, after making certain that it was entirely voluntary, accepted.

In interrogating Machin after he had entered his plea and before he was sentenced, the court was told by him that he had three years of a State court sentence, imposed in 1952, left to serve in the Washington State Penitentiary. The court imposed a sentence of imprisonment for seven years, to run concurrently with Machin's "present state sentence in the State of Washington." All this happened on April 20, 1959. The following day, Machin was returned into court for further proceedings, at which the court, after affording him an opportunity to make a further statement, reduced the seven-year sentence of imprisonment to a straight three-year sentence. Apparently the court and Government counsel were uncertain as to what would be the effect of attempting to make the federal seven-year sentence imposed on April 20 concurrent with some unserved portion of a state sentence.

Machin now proclaims that, in violation of his constitutional rights, he has been sentenced twice and put in jeopardy twice for the same offense—which is nonsense. Under Rule 35 of the Federal Rules of Criminal Procedure, the court had the right on April 21 to correct the sentence imposed on April 20 if it was illegal, and to reduce it whether it was illegal or not. A seven-year federal sentence of imprisonment to be served concurrently with a state sentence of uncertain duration and uncertain existence is, unquestionably, still a seven-year sentence. Machin is in no position to complain of its reduction.

There is no basis in the record for Machin's assertion that his constitutional right to the assistance of counsel was disregarded. The record is directly to the contrary.

In the case of Higgins v. Steele, 8 Cir., 195 F.2d 366, 369, this Court said:

"* * * While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."

We think the District Court might well have denied Machin's application for leave to appeal *in forma pauperis* from the denial of his motion to vacate sentence.

The order appealed from is affirmed.