James Bell YAGER, Plaintiff,

v.

Harold RAISOR, Sheriff (1960), Jefferson County, Indiana, and Matthew Welsh, Defendants.

No. NA 62–C–5.

United States District Court
S. D. Indiana,
New Albany Division.

Dec. 10, 1962.

**552**

James Bell Yager, pro se.

John Ready O'Connor, Madison, Ind., for defendant Raisor.

John E. Hurt, Martinsville, Ind., for defendant Governor Matthew Welsh.

STECKLER, Chief Judge.

This is a civil action for damages in the amount of $100,000 for the alleged violation of plaintiff's civil rights. The action is brought under Title 42 U.S.C.A. § 1981 et seq. The action is now before the court upon the motion of the plaintiff for leave to appeal in forma pauperis (which also seeks an order directing the Clerk to prepare the record for appeal); upon his petition for leave to proceed in forma pauperis in this cause for a petition for writ of habeas corpus ad testificandum; and his petition for such a writ.

At the commencement of this action plaintiff was granted leave to proceed in forma pauperis. The court later denied a motion by the defendant Raisor to dismiss for failure to state a claim. See Entry dated March 26, 1962. In an entry dated July 10, 1962, the court sustained a motion by the defendant Governor Matthew Welsh to dismiss the action as to such defendant upon the grounds that at the time of the occurrences alleged for which plaintiff seeks redress, the defendant Governor Welsh was not the Governor of Indiana, and that the complaint failed to state a claim against such defendant upon which relief could be granted. In the same entry, the court denied motions by the plaintiff to set the case for trial, to appoint counsel and to issue an order for subpoenas to be served upon sixteen named persons.

It is that portion of the order dated July 10, 1962, dismissing the action as to the defendant Governor Matthew Welsh, from which the plaintiff seeks leave to appeal in forma pauperis. The petition for a writ of habeas corpus ad testificandum seeks to have this court direct the Warden of the Kentucky State Penitentiary at Eddyville, Kentucky, to produce the plaintiff for the purpose of testifying in and prosecuting this action.

Upon receipt of the notice of appeal and motion for leave to appeal from the order of July 10, 1962, dismissing the action as to the defendant Governor Welsh, the Clerk of this court, in a letter dated July 18, 1962, notified the plaintiff that he had failed to file a certificate of service showing service upon opposing counsel and stating that it was his observation that the court would not entertain the motion until such a certificate was filed pursuant to the rules of this court. (See Local Rule 6(c) and (d).) The Clerk furnished plaintiff with the names and addresses of counsel for the opposing parties in the letter. The court's inaction in ruling on this matter, awaiting such service by the plaintiff, has resulted neither in compliance with the local rule, nor an explanation or justification for failure to comply with the rule.

Under Rule 54(b), Federal Rules of Civil Procedure, as amended April 17, 1961, effective July 19, 1961, when multiple claims *or* multiple parties are involved,

"the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The court did not make an "express determination that there is no just reason for delay" and an "express direction for the entry of judgment", in the order of July 10, 1962, as is required by Rule

54(b). In the absence of such a determination and direction, the order is interlocutory, and thus may not be appealed at this time. 6 Moore ¶ 54.29. See Kleinman v. Tidewater Mill & Elevator Co., 303 F.2d 278 (3d Cir., 1962) (dismissing appeal for lack of presently appealable judgment where summary judgment entered against one defendant only where district court did not make order appealable immediately in accordance with Rule 54(b)). Since the order is not appealable at this time, the appeal could not be meritorious and the court would not be warranted in granting leave to appeal in forma pauperis at this time.

A further reason why the motion for leave to appeal in forma pauperis should be denied is that such a motion is required to be accompanied by an affidavit which must state, in addition to the statement of lack of funds or security for costs, the "nature of the * * * appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a). Such an appeal may not be taken if the trial court certifies in writing that it is not taken in good faith. Ibid. The requirement that the affidavit state the nature of the appeal requires that the affidavit state the alleged error or errors on the part of the district court about which he complains, and failure to do so makes the affidavit insufficient to support the application to proceed in forma pauperis. Bartlett v. Duty, 271 F.2d 264 (6th Cir., 1959). A petitioner is not entitled to appeal in forma pauperis unless it appears from the application that there is merit in his cause. Application of Taylor, 139 F.2d 1018 (7th Cir., 1944). It should be apparent from his application that some substantial question worthy of consideration is presented. Morris v. Igoe, 209 F.2d 108 (7th Cir., 1953). See also Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915). Unless the petitioner establishes that the appeal is not frivolous and has merit, the district court is not warranted in granting the requested leave. Davis v. United States, 214 F.2d 594 (7th Cir., 1954),

cert. denied, 353 U.S. 960, 77 S.Ct. 870, 1 L.Ed.2d 911 (1957). And even if a ground is stated, if stated in such broad conclusionary form as to preclude a determination whether the appeal is frivolous or meritorious, the appeal must be dismissed for failure to comply with the statute. Holland v. Capital Transit Co., 87 U.S.App.D.C. 48, 184 F.2d 686, 689 (1950), cert. denied, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951). Plaintiff's petition wholly fails to state any alleged error or errors in the order of July 10, 1962. Accordingly, the motion for leave to appeal in forma pauperis (which also seeks an order directing the Clerk to prepare the record for appeal) is DENIED.

Plaintiff also seeks leave to proceed in forma pauperis for a petition for a writ of habeas corpus, and has tendered a petition for a writ of habeas corpus ordering the warden at the institution in which he is incarcerated in Kentucky to produce plaintiff at the New Albany Division of this court for the purpose of testifying in and prosecuting this action. The plaintiff thus seeks a writ of habeas corpus ad testificandum directed to one outside the territorial jurisdiction of this court.

In Edgerly v. Kennelly, 215 F.2d 420 (7th Cir., 1954), cert. denied, 348 U.S. 938, 75 S.Ct. 359, 99 L.Ed. 735 (1955), plaintiff brought an action under §§ 1983, 1985 and 1986 of Title 42 U.S.C.A. for damages for violation of his civil rights. After commencing the action, he was sentenced to the custody of the Attorney General of the United States and incarcerated at Alcatraz Island, California. After a previously granted writ of habeas corpus ad testificandum for the taking of plaintiff's deposition in lieu of answering written interrogatories was quashed upon the motion of the United States Attorney in Chicago, and the case was set for trial, plaintiff's attorney moved for another writ of habeas corpus ad testificandum, directing the warden of Alcatraz to produce the plaintiff for the trial to testify in his own behalf. The

petition was denied. On appeal, the Court of Appeals for the Seventh Circuit, Judge Major, held that the district court had no authority to issue a writ of habeas corpus ad testificandum outside its territorial district to compel the production of one lawfully incarcerated. The language of the court in that action is appropriate here:

"It must be kept in mind that no question is presented as to the legality of plaintiff's confinement in Alcatraz. The sole purpose in seeking his presence in Chicago was that he might as a witness give testimony in a civil action. If the court had jurisdiction to require his presence for that purpose, it would seem to follow that it would have jurisdiction to require the presence of any other person confined in prison who was asserted to be a material witness.

"Defendants, on the jurisdictional issue, place much stress upon Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 [1948], while plaintiff relies upon United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 [1952], and United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 [98 L.Ed. 248] [1954]. None of these cases is decisive of the question before us and all may be distinguished *on the basis that in each, a prisoner was contending that his incarceration was a result of a deprivation of his constitutional rights, while here, in contrast, the action is for the recovery of damages*. In the Ahrens case, it was held that a District Court was without jurisdiction to direct a writ of habeas corpus beyond its territorial jurisdiction. In the Hayman case, a federal prisoner made a motion, under 28 U.S.C.A. § 2255, to set aside his sentence because it was imposed in violation of his constitutional rights. The court held that a District Court under this section had extra territorial jurisdiction to require the production of a prisoner

so that he might testify at a hearing provided for by the section. The court stated, 342 U.S. at page 220, 72 S.Ct. at page 273: 'Issuance of an order to produce the prisoner is auxiliary to the jurisdiction of the trial court over respondent granted in Section 2255 itself and invoked by respondent's filing of a motion under that Section.' The reasoning of the court in effect is that Congress by the enactment of Sec. 2255 created an exception to the general territorial jurisdiction of federal courts by providing that a prisoner could test the validity of his imprisonment in the sentencing court, where he was entitled to a hearing on the allegations of his petition. *In any event, we think the reasoning is inapposite to a civil action for the recovery of damages*. Other cases relied upon by plaintiff are of no aid to his contention, generally for the same reason.

"Plaintiff asserts somewhat vaguely that the refusal to require his production as a witness was a violation of his constitutional rights. However, we are not aware of any constitutional right where a prisoner lawfully committed has to be produced as a witness either in his own or some other case in an action for the recovery of damages. It must be remembered that a person in his unfortunate situation is stripped of many of the rights possessed by a free person and guaranteed by the Constitution. As stated in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 [1948]: 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Edgerly v. Kennelly, supra, 215 F.2d at 422, 423. [Emphasis supplied.]

This case presents a fact situation nearly identical to that found in Edgerly.

The action is a civil action seeking damages for alleged violations of plaintiff's civil rights in which the plaintiff, incarcerated outside the territorial jurisdiction of the trial court, does not attack the legality of his detention, but seeks a writ securing his presence to testify in his civil action. Unlike the plaintiff in Edgerly, plaintiff here does not yet 'have either privately employed or court appointed counsel, so far as the record discloses. Plaintiff's request that the court appoint counsel to represent him was denied in the order of July 10, 1962 (from which portion of the order plaintiff does not here seek to appeal), although the court did not foreclose the possibility of such an appointment. However, it does not appear how this difference could make the holding in Edgerly inapplicable. The fact that plaintiff is proceeding *pro se* requires the court to avoid technical deficiencies, but it would not seem to confer jurisdiction where none exists.

The court is aware that the case of Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961) held that the territorial restrictions in 28 U.S.C. § 2241 was specific and referred only to writs of habeas corpus ad testificandum and not to writs of habeas corpus ad prosequendum. However, in a footnote appended to this very holding, the court entered the following caveat: "We do not decide whether the writ *habeas corpus ad testificandum* was intended by Congress to be subject to the 1867 jurisdictional limitation. Cf. Edgerly v. Kennelly, 7 Cir., 215 F.2d 420." Carbo v. United States, supra, 364 U.S. at 618, n. 13, 81 S.Ct. at 342, 5 L.Ed.2d 329. Thus the Carbo decision did not overrule the Edgerly case, and this court is bound by the holding in Edgerly that a district court has no jurisdiction to issue a writ of habeas corpus ad testificandum outside its territorial jurisdiction in a civil action.

In accordance with the foregoing, the petition for a writ of habeas corpus ad testificandum is denied.