**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2253**

RONALD SATISH EMRIT,

             Plaintiff – Appellant,

      v.

BANK OF AMERICA, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:13-cv-00547-RJC-DSC)

Submitted:  February 24, 2014       Decided:  April 17, 2014

Before DUNCAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Satish Emrit, Appellant Pro Se. Renner Jo St. John, ROGERS, TOWNSEND & THOMAS, PC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Satish Emrit appeals the district court order denying him leave to proceed in forma pauperis ("IFP") and dismissing his complaint without prejudice to his ability to refile upon payment of the fee. For the reasons that follow, we affirm.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(1) (2012), a non-prisoner litigant may qualify for IFP status after submitting an affidavit listing all assets and anticipated expenses and substantiating his inability to pay. When a non-prisoner litigant is granted IFP status, he is excused from prepayment of filing fees. DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). A district court has discretion to grant or deny IFP status and must base its decision on "'the poverty and good faith of the applicant and the meritorious character of the cause.'" Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). The PLRA provides that, notwithstanding any portion of the filing fee paid by the plaintiff, the district court "shall dismiss" a case brought IFP if it determines "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (2012).

An order denying IFP status is reviewed for abuse of discretion. Pointer v. Wilkinson, 502 F.3d 369, 372 (6th Cir.

2

2007). We discern no such abuse of discretion by the district court. The court conducted a detailed review of Emrit's finances and filing history, observing that Emrit had enjoyed a substantially higher income for the previous twelve months; that he had asserted in another case, just two months prior, that he had $10,000 in a checking account; that another district court had recently found Emrit able to pay the filing fee; and that Emrit's living expenses were exorbitant. Based on these findings, the court was amply justified in concluding that Emrit's allegation of poverty was untrue. That conclusion, in turn, required dismissal of Emrit's action. See 28 U.S.C. § 1915(e)(2)(A); Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); see also Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (holding that when requirements of § 1915(e)(2) are not satisfied, district court "must dismiss" action).

We have reviewed Emrit's remaining assertions and conclude that they entitle him to no relief. Nor do we find any evidence of judicial bias. See United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (describing required showing for judicial bias claim, and recognizing that "judicial rulings

3

alone almost never constitute a valid basis for a bias or partiality motion" (internal quotation marks omitted)).

Accordingly, we deny leave to proceed IFP on appeal and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED