UNITED STATES of America

v.

Timothy R. THOMAS, Appellant.

No. 24166.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 27, 1971.

Decided Oct. 15, 1971.

Mr. Andrew J. Serafin, Washington, D.C. (appointed by this court), for appellant. Mr. Glenn L. Archer, Jr., Washington, D.C. (appointed by this court), was on the brief for appellant.

Mr. C. Madison Brewer, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before WRIGHT and LEVENTHAL, Circuit Judges, and ADAMS,* Circuit Judge for the Third Circuit.

PER CURIAM:

Appellant was convicted of armed robbery, assault with a dangerous weapon, and carrying a pistol without a license. Several months before trial, after some disagreement with his retained counsel, appellant advised that counsel in writing that he no longer wanted him to represent him. Three months before trial appellant wrote a letter to the Chief Judge of the District Court stating that he was no longer represented by counsel and respectfully requesting appointment of Legal Aid counsel to represent him. No reply to this letter was received. Two months before trial appellant received a letter from his retained counsel indicating that his case had been set for trial on December 22, 1969, that he had advised the trial judge that appellant no longer wanted him to represent him, and that the court had instructed him to advise appellant that if he wished to change lawyers it would be necessary to have the new lawyer enter his appearance no less than ten days

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1964).

before trial. Thereafter appellant personally but unsuccessfully sought the aid of the Legal Aid Agency. Finally, on December 1, 1969 appellant filed a *pro se* motion, with affidavit of poverty attached, asking that the services of his retained counsel be terminated. Apparently no action was taken by the court on this motion, at least not until the day of trial when appellant was required to proceed with his retained counsel.

On December 22, 1969, when appellant's case was called for trial, appellant moved for a continuance "due to the fact that I have had ineffective representation over the past months of my incarceration pending trial." He also told the court: "I asked the Court would they please appoint me a Legal Aid Attorney," but the court had simply referred his letter to his retained counsel "for any disposition he wishes to make," and he had received "no word whatsoever" as to the status of his representation. He also stated that he had not seen his retained counsel since June. The trial court denied the motion for a continuance, and the trial proceeded.

■ Many years ago this court held: "It is settled law that a client, with an order of court, has the right to discharge an attorney, with or without cause." Evans v. Ockershausen, 69 App.D.C. 285, 299, 100 F.2d 695, 709 (1938). More recently the District of Columbia Court of Appeals, in McKoy v. United States, 263 A.2d 645, 648 (1970), stated: "When faced with a request for a change of counsel, either retained or appointed, the court must consider the merits of the defendant's complaints, the delay between the cause of the dissatisfaction and the request, the nearness to trial or completion thereof, and the general dictates of fairness and justice both for the defendant and the Government." *Compare* Lee v. United States, 98 U.S. App.D.C. 272, 235 F.2d 219 (1956).

■ The documents in this case, which were before the trial court, show that the trial court was aware of appellant's long term dissatisfaction with his retained counsel, that he had sought to discharge him, that, according to appellant, he had not seen him in six months, that he had asked the Chief Judge of the District Court for counsel from the Legal Aid Agency, and that appellant was a pauper seeking court appointed counsel. Yet the record does not reflect specifically what action was taken by the court on appellant's requests and motions. Under the circumstances, we have decided to remand the record in this case to the District Court to determine (1) what action, if any, was taken by the District Court on appellant's motion to discharge his counsel of record and his request for appointed counsel; (2) whether the court's action, or lack thereof, under the principles quoted in the preceding paragraph of this opinion, prejudicially affected his right to counsel; and (3) whether the relationship between appellant and his retained counsel prejudicially affected counsel's preparation of appellant's case for trial. In this connection the court will determine the accuracy of appellant's statement that he had not seen his counsel for six months prior to trial.

Remanded.