**UNITED STATES of America,
Appellee,**

**v.**

**Charles Fred ROCHA, Appellant.**

**No. 71–1166.**

United States Court of Appeals,
Ninth Circuit.

March 27, 1972.

**442**

Edward L. Cragen, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., James A. Bruen, F. Steele Langford, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR *, District Judge.

PER CURIAM:

Appellant was convicted in March, 1966 of having violated 21 U.S.C. § 174 and 26 U.S.C. § 4704(a) and on appeal to this court his conviction was affirmed. Rocha v. United States, 387 F. 2d 1019 (9th Cir. 1967). The only challenge to the conviction raised on appeal was that the trial court should have granted his pre-trial motion to suppress certain evidence.

The present appeal is from an Order of the district court, made and filed on November 25, 1970, denying the motion of appellant for relief under and pursuant to 28 U.S.C. § 2255.

The issues presented are: (1) Whether it was prejudicial error for Government counsel to comment upon inculpatory statements of the appellant during closing argument; (2) whether appellant is entitled to relief under the decision in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); and (3) whether he was deprived of effective assistance of trial counsel.

After fully reviewing the record, we find and conclude that there is no merit to any of appellant's contentions. Appellant cannot rely on the decision in *Chimel*, supra, for any relief since it cannot be applied retroactively. See: Williams v. United States, 91 S.Ct. 1148, 401 U.S. 646, 28 L.Ed. 388 (1971).

Furthermore, all of the issues presented on this appeal should have and could have been presented on the direct appeal from the judgment of conviction. In United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965), this court stated:

"Section 2255 cannot take the place of an original appeal. More properly stated, § 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction."

See also: Hammond v. United States, 408 F.2d 481 (9th Cir. 1969).

We conclude that the decision of the district court should be, and hereby is, affirmed.

---

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.