**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Claude KILPATRICK, Defendant-
Appellant.**

**No. 72–1521.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 4, 1972.

Decided April 17, 1973.

—————◆—————

Hughie Ragan (Court Appointed), Jackson, Tenn., for defendant-appellant.

Glen Reid, Jr., Asst. U. S. Atty., Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., Glen Reid, Jr., Asst. U. S. Atty., Memphis, Tenn., on brief, for plaintiff-appellee.

Before PECK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

O'SULLIVAN, Senior Circuit Judge.

Claude Kilpatrick appeals from his conviction upon jury trial of unlawful possession of untaxed distilled spirits—"moonshine"—in violation of 26 U.S.C. § 5604(a)(1). He was sentenced to the custody of the Attorney General for a period of nineteen months, one month to be served in an institution with the remainder of the sentence suspended.

Appellant raises the following issues:

1. *Insufficiency of the evidence.*
2. *Failure of District Judge to submit to jury defense of entrapment.*
3. *Impropriety of U. S. Attorney calling a witness, knowing such witness would assert his Fifth Amendment rights.*
4. *Improper argument of United States Attorney.*

### 1. *Insufficiency of the evidence.*

 Appellant's arrest and conviction was the product of an extensive *undercover* operation by special and regular employees of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service. Included in such activities was the actual setting up of a moonshine still in the County of Wayne, Tennessee. The agents and one James Earl Stricklin a known "moonshiner" who was unaware that his coadventurers were government agents, began the manufacture of the illegal whiskey in a barn on the premises owned by one of the government's special employees. A flourishing business was apparently carried on, with Stricklin and one of the special employees sharing in the profits. One of such special employees was also paid a daily wage and received a substantial bonus for his allegedly good performance. The offense of which appellant was charged and convicted was the purchase of five gallons of such illegally manufactured moonshine.

On the day of the charged offense, Stricklin directed his associates to load some twenty-five gallons of their product and to join him in selling the same. They drove to the home of appellant. Stricklin and the appellant conducted the negotiations which led to appellant's purchase of five gallons of the whiskey. The record contains no reason why Stricklin considered Kilpatrick a likely purchaser—nothing to show Kilpatrick was a known handler of moonshine. Stricklin asked if appellant had any liquor for the winter. Appellant replied "he had been selling a little bonded."

The worth of this remark as corroboration of Kilpatrick's criminal purpose does not appear except as the witness—one of the special government employees—thereafter attributed significance to it by saying that the "little bonded" is regular government tax-paid "whiskey just usually sold in dry counties, and not out of the liquor store." Upon objection, the District Judge admonished the jury that they were to consider only the offense charged. Upon argument to the jury, the United States Attorney commented upon the foregoing evidence as follows:

"* * * and Mr. Stricklin asked Mr. Kilpatrick: 'Do you have any whiskey for the winter?' And he answered: 'No, I'm just selling a little bonded whiskey.' Bonded whiskey, of course, is labeled (legal) whiskey, taxed whiskey, and Mr. Kilpatrick made this statement, and this, ladies and gentlemen, that is, the statement is, an admission on his part, it is an admission of interest. It is, in my opinion, *a confession* that he knew that this whiskey was moonshine whiskey; that Mr. Stricklin was there in the business of—." (Emphasis supplied.)

Stricklin's above inquiry was followed by a conversation between him and Kilpatrick in which Kilpatrick was asked if he wanted some liquor.

"[A]nd he [Stricklin] was wanting ten dollars a gallon for it, and they argued back and forth * * *."

Kilpatrick held out for a price of nine dollars a gallon. Stricklin capitulated and accepted the nine dollars. The whiskey—five gallons in one gallon glass jugs—was unloaded and, at Kilpatrick's direction, was put down "at the end of the house, across the road, in a junk pile, in a refrigerator." The agent present at the transaction was asked how he knew that the contents of the jugs was whiskey. He responded, "We made it, sir." Such is, indeed, direct evidence.

Without assigning how it would be relevant here, appellant asserts that most all of the victims caught in the government net, including Stricklin, were acquitted upon trial. It is said that,

"Out of five different cases and the trial of at least 13 persons who went to trial, this defendant in this one case was the only one convicted."

This gratuitous assertion, made for the first time on appeal, has no support in the record. The government does not challenge such a statement and is not required to do so. It would be irrelevant, even if true.

In the brief here, appellant is referred to as an "aged, sick man." Other than a reference to him as an elderly gentleman, there is no evidentiary support for counsel's above description of him. An "aged, sick man" might excite a jury's sympathy, but would not excuse criminal conduct.

If all of the foregoing is true, it might be said of the government's quite elaborate operation that "the mountain labored and brought forth a mouse." (Poetic license!)

We test the government's evidence by the familiar rule that it and the legitimate inferences to be drawn therefrom are to be considered in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We find it sufficient to have warranted submission of defendant's guilt to the jury.

### 2. Entrapment.

Defendant did not take the stand to tell whether he did or did not do the acts charged to him. Ordinarily an admission that an accused did the acts which he claims were induced by entrapment is a necessary ingredient of such a defense. United States v. Lamonge, 458 F.2d 197, 201 (6th Cir. 1972); Ortega v. United States, 348 F. 2d 874 (9th Cir. 1965). We need not place total reliance on such rule as there is no evidence of any undue persuasion

of defendant to buy and possess the moonshine delivered to him.

The District Judge correctly refused to submit entrapment to the jury.

### 3. Prosecution calling Stricklin as a witness.

■ Appellant charges prejudice in the prosecution calling Stricklin to the stand, knowing he would exercise his Fifth Amendment rights. In the contest, we find no reversible error resulted. Inasmuch as Stricklin had been identified as the one who conducted the illegal transaction with appellant, the prosecution's case would be seriously prejudiced by a failure to offer him as a witness. Following Stricklin's refusal to answer, the District Judge carefully admonished the jury, "You will not take the witness' invocation of his Fifth Amendment right in any fashion with respect to the guilt or innocence of this defendant."

In United States v. Compton, 365 F.2d 1 (6th Cir. 1966), we said:

"Government counsel need not refrain from calling a witness whose attorney appears in court and advises court and counsel that the witness will claim his privilege and will not testify. However, to call such a witness, counsel must have an honest belief that the witness has information which is pertinent to the issues in the case and which is admissible under applicable rules of evidence, if no privilege were claimed." 365 F.2d at 5.

Certainly Stricklin had information "pertinent to the issues." We do not find bad faith on the part of the United States Attorney.

### 4. Improper argument to the jury.

■ Defendant did not take the stand. In arguing to the jury, the United States Attorney said, *inter alia:*

"* * * I think it is fairly evident, is very evident, that Mr. Kilpatrick did have possession of this whiskey, under the law he did have, and under the facts of this case *he is guilty beyond a reasonable doubt* of possessing this whiskey, and I ask you ladies and gentlemen to give very much thought and consideration to your duty as jurors—You have got a tough job, * * * My job is not so tough. * * * All Mr. Ragan [defense counsel] has to do is to come up here and put forth all proof and evidence and witnesses that he can to try *to prove his man innocent—.*" (Emphasis supplied.)

Upon objection by defense counsel, the United States Attorney conceded that his argument was error and the District Judge gave an instruction that,

"* * * the burden is upon the government to prove the case and the defendants are not required, unless they see fit, to put on any proof or evidence, and no inference in the law is to be drawn of any statement of counsel. Counsel of the defendant is not required to put on any proof."

The United States Attorney concluded his argument with the following:

"That is your duty. By the same token, when there is enough evidence you have to convict him and I do believe that, considering all of the reasonable inferences in this case, you will have no trouble in doing just that."

No objection was interposed by defense counsel to this conclusion, but we recite it as part of the total context of the trial. We believe that it could be read as expressing the U. S. Attorney's personal belief that defendant was guilty. We find no case which forbids such conduct in cases tried in the Federal Courts, but such has been condemned by state courts. In People v. Bigge, 297 Mich. 58, 297 N.W. 70 (1941) Justice Boyles, speaking for the Supreme Court of Michigan, said:

"It is not proper for the prosecuting officer to tell the jury that he believes the defendant guilty. However, it is not error for a prosecutor to argue from the testimony that the defendant is guilty and to state what evidence

convinces him and should convince them of such guilt." 297 Mich. at 68, 297 N.W. at 74.

The American Bar Association 1970 report by its Advisory Committee on the Prosecution and Defense Functions, says under Argument to a Jury:

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to * * * the guilt of the defendant."

There was no evidence that Kilpatrick had been a handler of moonshine; there was no *direct* evidence that he knew that the whiskey offered for sale by Stricklin was unstamped, illegal moonshine. We have said that a jury could infer knowing and willful violation of the law by him. It is not at all inconceivable, however, that but for the prosecutor's embellishment of the record and his improper argument, a jury might indeed have given Kilpatrick the benefit of a reasonable doubt as to whether he had knowingly entered into the charged illegal conduct.

The writer is not an advocate for any further advances by the federal courts in extending tender care to those accused of crime, and would not join in establishing a rule making such expression by a prosecutor impermissible conduct. We consider it only as background to be considered with the U. S. Attorney's admittedly wrong assertion that it was the burden of Kilpatrick to prove his innocence.

We have earlier set out the assertion by a prosecution witness that Kilpatrick's reference to selling "a little bonded" meant an activity whereby such "bonded" whiskey was "usually sold in dry counties, and not out of the liquor store." Except for this inference there was no evidence that Kilpatrick had been a law violator.

We do not announce a categorical holding that the prosecutor's statement that it was the responsibility of defendant's counsel to "come up here and put forth all proof * * * that he can *to try to prove his man innocent*" was the equivalent of commenting upon Kilpatrick's failure to take the witness stand. It comes sufficiently close, however, to persuade us that it, with the other occurrence at the trial commented upon above, denied Kilpatrick a fair trial.

The District Judge did a creditable job in seeking to erase the prejudice that was visited upon Kilpatrick by the occurrences reviewed above. We have spoken on the sometime insufficiency of cautionary instructions. United States v. Rudolph, 403 F.2d 805, 806 (6th Cir. 1968). And see, of course, the relevant discussion in Bruton v. United States, 391 U.S. 123 at page 129, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Notwithstanding the able efforts of the District Judge, we believe that, in total, the foregoing trial events denied Kilpatrick a fair trial.

Reversed and remanded for a new trial.