**UNITED STATES of America, Plaintiff,**

v.

**Larry Fred MAINES, Defendant.**

**No. CR-2-77-20.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 22, 1977, and Jan. 23, 1978.

John L. Bowers, U. S. Atty., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John Milburn Rogers, Bell & Rogers, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Less than 3 working days before the date assigned for trial herein, retained counsel for the defendant moved the Court to allow him to withdraw as such. The grounds asserted in support of the motion are that defense counsel has not been paid the promised fee for his representation and that the defendant has not cooperated with his counsel in preparing his defense. The motion lacks merit.

■ By accepting employment as the defendant's counsel, such attorney stipulated impliedly that he would represent his client in this matter to a conclusion. 7 Am.Jur. (2d) 134, Attorneys at Law, § 143. Defense counsel is not justified in abandoning his client this near to the date assigned for his trial, especially in view of the fact that it does not appear from counsel's affidavit that he had given his client adequate notice of an intention to withdraw. *Cf. Smith v. Bryant* (1965), 264 N.C. 208, 141 S.E.2d 303.

It is patent that substituted counsel would require additional time for preparation of a defense herein. The judge presiding in this division is committed to sitting in another division the week following this trial and has been designated and assigned to the Court of Appeals for the Sixth Circuit for the week ensuing that period. Thus, the orderly administration of federal justice does not permit the Court to protect defense counsel in the pretrial collection of his compensation for his representation herein.

Furthermore, the crucial issues herein appear to be comparatively simple, *i. e.,* the defendant is charged in five counts with having possessed and forged one certain check, knowing it had been stolen from the mail; having possessed and forged another certain check knowing it had been stolen from the mail; and having made a fraudulent claim for the proceeds of a government check, while knowing the check had been paid. It is difficult to visualize that the preparation of a proper defense to each of those charges would require a great deal of time.

■ The motion of defense counsel, therefore, hereby is DENIED; however, in view of counsel's representations in his affidavit that the defendant has not maintained contact with him appropriate to a person about to stand trial on felony charges, the possibility exists that the defendant may absent himself from the trial aforementioned. Accordingly, this Court's order of October 25, 1977, that the defendant stand upon his present bond hereby is REVOKED. A bench warrant will ISSUE for his arrest.

## MEMORANDUM OPINION AND CERTIFICATION

The jury herein found the defendant Mr. Larry Fred Maines guilty beyond a reasonable doubt of four crimes involving the unlawful possession and forging of endorsements upon 2 government checks and of one crime of presenting a fraudulent claim to the government involving another government check. He interposed a timely motion for a new trial[1] on the ground of the insufficiency of the evidence to support his convictions. Rule 33, Federal Rules of Criminal Procedure. On the same date of such motion for a new trial, the defendant served and filed a timely notice of an appeal from the judgment herein of his convictions.[2] Rules 3(a), 4(b), Federal Rules of Appellate Procedure.

---

1. In its discretion, this Court hereby WAIVES, in the interest of justice, local Rules App., § 5(a), the failure of the defendant to submit therewith a brief with authorities, local Rule 12(a); see also local Rule 11(f).

2. Such appeal would have been timely if taken within 10 days after the entry of any order denying the defendant's motion for a new trial on grounds other than newly discovered evidence. Rule 4(b), *supra.*

Simultaneously with such notice of appeal, the defendant-appellant filed a motion seeking leave to proceed on such appeal in forma pauperis, Rule 24(a), Federal Rules of Appellate Procedure, and applied for his release pending appeal, Rule 9(b), Federal Rules of Appellate Procedure. Although it will be of no avail to him, this Court is of the opinion that the appellant meets the criteria for release, Rule 9(c), Federal Rules of Appellate Procedure; 18 U.S.C. § 3148; however, the Court hereby CERTIFIES that such appeal is not taken in good faith, Rule 24(a), *supra,* and denies the requested leave.

■ The only issue the appellant desires to present on appeal is that " * * * the proof adduced in the trial of this cause was insufficient as a matter of law to sustain the conviction[s] imposed. * * * " It is the federal rule that a district court, either on the motion of the defendant or its own motion, should order the entry of a judgment of acquittal of one or more of the offenses charged in the indictment after the evidence on either side is closed if the evidence is insufficient as a matter of law to sustain a conviction of such offense or offenses. *Bryan v. United States* (1950), 338 U.S. 552, 558–559, 70 S.Ct. 317, 320[1], 94 L.Ed. 335, rehearing denied (1950), 338 U.S. 957, 70 S.Ct. 491, 94 L.Ed. 590. In so doing, the trial judge is required to view the evidence and permissible inferences therefrom in the view most favorable to the prosecution. *United States v. Smith,* C.A. 6th (1968), 399 F.2d 896, 897[2].

There was sufficient evidence to sustain a conviction of the appellant on the charge in count 1 of the indictment, that he possessed within the jurisdiction of this Court check no. 38,473,373, symbol 3496, dated March 28, 1975, drawn on the Treasurer of the United States, and payable to the order of David M. Crumley in the amount of $77.72, which had been stolen from the mail, at a time when the defendant well knew such check had been stolen, and on the charge in count 2 thereof, that the defendant falsely made

and forged the endorsement "David M. Crumley" on the back of the same check, for the purpose of obtaining and receiving from the United States and its officers and agents $77.72.

The witness Mr. Randolph Mobbs testified that the foregoing check was mailed to Mr. Crumley on March 28, 1975. Mr. Crumley testified that he received his mail at P. O. Box 463, Church Hill, Tennessee, within this district, the same place that the defendant received his mail *circa* March 28, 1975; that he (Mr. Crumley) had applied theretofore for a refund on his 1974 federal income tax return; that he did not write "David M. Crumley" upon the back of the check bearing such an endorsement, which he saw for the first time during this trial; and that he had not authorized anyone to endorse his name thereon. Mr. Ray W. Pearson, vice president and manager of the Church Hill branch of the Citizens Union Bank, testified that such check was received in that branch subsequent to the above date and bore the "teller number" of Ms. Virginia Hammond upon it.

A Secret Service agent and a postal inspector, each, testified that he obtained handwriting exemplars from the defendant and sent them to a certain laboratory in Washington, D. C. Mr. Edwin Alford, a questioned document analyst in that laboratory, was of the opinion that it was " * * * very probable * * * " that the person whose handwriting appeared upon the foregoing exemplars wrote the endorsement on the "Crumley check".

There was also sufficient evidence to sustain a conviction of the appellant on the charge in count 3 of the indictment, that he possessed within the jurisdiction of this Court check no. 33,061,160, symbol 3497, dated May 14, 1976, drawn on the Treasury of the United States, and payable to Michael D. Maines in the amount of $140.10, which had been stolen from the mail, at a time when the defendant well knew such check had been stolen, and on the charge in count 4 thereof that the defendant falsely

made and forged the endorsement "Michael D. Maines" on the back of the same check, for the purpose of obtaining and receiving from the United States and its officers and agents $140.10.

Mr. Mobbs testified that the immediately foregoing check was mailed to Mr. Michael D. Maines on May 14, 1976. The latter, the brother of the defendant, testified that he received a check similar to the immediately foregoing check, but that he did not receive the particular check exhibited to him on the trial; that he did not write "Michael D. Maines" upon the back of such check bearing such an endorsement; that he had not authorized anyone to endorse his name thereon; that he received his mail in the same rural mail box within the jurisdiction of this Court in which the defendant received his mail *circa* May 14, 1976; and that, before and after that date, there was evidence of "tampering" with such mail box.

The witness Ms. Linda Luster testified that she initialed and cashed the immediately foregoing check at a certain food store within the jurisdiction of this Court, although she could no longer identify the person for whom she had cashed it. The aforenamed analyst testified that it was his positive opinion that the person whose handwriting appeared upon the aforementioned exemplars wrote the endorsement on the "Michael D. Maines check."

Obviously, the defendant could not have written, or probably written, the respective endorsements on the backs of the "Crumley check" or the "Michael D. Maines" check without having been in possession of each such check. From all the facts and circumstances, it was also inferable reasonably that each such check had been stolen from the mails; that, when the defendant possessed each of those checks, he well knew it had been stolen; and that, when he endorsed each of them, he did so for the purpose of obtaining and receiving from the United States and its officers and agents the sum of money which each respective check proposed to be paid.

There was likewise sufficient evidence to sustain a conviction of the appellant on the charge in count 5 of the indictment, that he presented to a department and agency of the United States for payment a claim against the United States for the proceeds of United States Treasury check no. 23,608,-303, symbol 3497, dated March 5, 1976, and payable to the order of Larry F. Mainuss, in the amount of $710.20, when the defendant knew such claim to be fraudulent, in that he had received such check and participated in the proceeds thereof.

Such claim was exhibited in the trial herein. Ms. Diane Shoemaker, a teller of the Union Security Bank, within the jurisdiction of this Court, testified that she cashed the check of the immediately foregoing description thereof on March 8, 1976; that, although she could no longer identify the person for whom she cashed that check, she obtained from the person cashing a telephone number; and that, subsequently, she discovered that such was the telephone number of a Mrs. Leeper, the grandmother of the defendant. The aforenamed analyst expressed his opinion that the same person who wrote the signature on the aforementioned claim also endorsed the immediately foregoing check. The defendant's receipt of proceeds of the check described in count 5 suggested the reasonable inference that, when the defendant made his claim for the proceeds of the earlier check, he knew his subsequent claim therefor was fraudulent.

■ Thus, it may be seen readily that the proof herein was sufficient as a matter of law to sustain the convictions of the appellant by the jury. This is the reason for the aforementioned certification that the appeal herein is not taken in good faith. Rule 24(a), supra.

(This Court is precluded from granting the defendant's motion for a new trial while this action pends on appeal. Rule 33, Federal Rules of Criminal Procedure, as apparently so construed in *United States v. Phillips,* C.A. 6th (1977), 558 F.2d 363[1]. This Court would not certify that it would be inclined to grant the motion, if its authority so to do had not been interrupted by the appeal herein.)