UNITED STATES of America, Plaintiff,

v.

Clyde Gene RAMEY, et al., Defendants,

Robert Puckett, Defendant-Appellant.

No. CR–2–80–7.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Feb. 18, 1981.

On Production of Brady Material
April 13, 1981.

On Admission of Evidence
April 13, 1981.

On Disposition of Bail Deposit
April 16, 1981.

On Posttrial Motion for Acquittal
April 24, 1981.

On Motions to Appeal In Forma Pauperis
May 19, 1981.

On Denial of Motion to Appeal In
Forma Pauperis May 29, 1981.

On Motion to Reduce Sentence
Sept. 1, 1981.

On Motion for Dismissal of Appeal
Nov. 19, 1981.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., and Richard K. Harris, Asst. U.S. Atty., Knoxville, Tenn., for John Cary, U.S. Atty., Knoxville, Tenn., for plaintiff.

Allen Potter, Corpus Christi, Tex., C. Dwaine Evans, Morristown, Tenn., Arthur M. Fowler, Johnson City, Tenn., W. Robert Manuel, Erwin, Tenn., Bruce Fraser, Winston-Salem, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

With slightly less than 2 weeks remaining before trial, retained counsel for the defendant Mr. Puckett moved the Court for leave to withdraw as counsel of record herein. In support of such motion, it is stated by such counsel (under oath) that Mr. Puckett no longer desires his representation but, instead, wants to employ substitute counsel. No such substitute counsel has entered his appearance herein.

By accepting employment as counsel for Mr. Puckett, his attorney of record herein stipulated impliedly that he would represent his client in this matter to a conclusion. *United States v. Maines,* D.C.Tenn. (1978), 462 F.Supp. 15, 16[1]. While Mr. Puckett has the right, upon an order of the Court, to discharge his attorney with or without cause, *United States v. Thomas,* C.A.D.C. (1971), 450 F.2d 1355, 1356[1], this Court will scrutinize carefully any request of an attorney to withdraw from his representation coming on the eve of trial, *see United States v. Maines, supra.* When faced with a request for a change of counsel, either retained or appointed, the Court must consider the merits of the complaints of that continued representation, the delay between the cause of the dissatisfaction and the request, the nearness to trial, and the general dictates of fairness and justice for both the government and the defendant. *United States v. Thomas, supra.* One additional consideration, of course, is the requirements of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*

The record herein does not reflect why Mr. Puckett has suddenly become dissatisfied with his representation by Mr. White. Coming this close to trial, it obviously would be somewhat difficult for Mr. Puckett to secure the services of substitute counsel. This would probably be compounded by the fact that Mr. Puckett resides in Texas, far removed from the site of the trial, and the alleged scene of the crimes charged against him herein.

While Mr. Puckett has the right to counsel of his own choosing,[1] such right is not so absolute as to permit the disruption of the orderly procedure in the courts or the interference with the fair administration of justice. *Gandy v. State of Alabama,* C.A. 5th (1978), 569 F.2d 1318, 1323[3]. This is

---

1. Unlike the right of a defendant to the adequate representation of counsel, his right to counsel of his own choosing is not an absolute one. *United States v. Ostrer,* C.A.2d (1979), 597 F.2d 337, 341[5]; *Maynard v. Meachum,* C.A.1st (1976), 545 F.2d 273, 278[9].

especially true when another competent attorney is available to represent the defendant. *See United States v. Mardian*, C.A. D.C. (1976), 546 F.2d 973, 979[9], n. 9. The right of Mr. Puckett to counsel of his choice " * * * cannot be used merely as a manipulative monkey wrench * * *, [r]ather, the proper exercise of the trial court's discretion requires a delicate balance between the defendant's due process right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice. * * *" *Gandy v. State of Alabama, supra.*

■ Absent some explanation by Mr. Puckett of any reason he has become dissatisfied with the services of Mr. White, the Court is not prepared to permit the withdrawal of such counsel at this late date, especially in view of the lack of an appearance by substitute counsel. The motion hereby is DENIED, but without prejudice to its renewal upon the entry of an appearance by substitute counsel.[2]

## MEMORANDUM OPINION

### On Production of *Brady* Material

The defendant complained that the prosecution suppressed evidence favorable to him which was material to his guilt or innocence after his request therefor and thereby deprived him of due process of law. *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215, 218 (headnote 3). This, it was insisted, consisted of statements of his codefendant Mr. Ramey giving his version in a presentence report to this Court of the crime with which the defendants Messrs. Ramey, Puckett and others are charged.

■ This version was obviously a preliminary, challenged, and highly speculative written account of Mr. Ramey to support an intended defense of entrapment which he afterward disavowed at the sentencing proceedings against him. It was disclosed to the prosecution in those proceedings against

Mr. Ramey as required by Rule 32(c)(3)(C), Federal Rules of Criminal Procedure. Mr. Puckett contended that, with the knowledge of such information thus gained, the prosecuting attorney was required to furnish it to him for this current trial.

There is no merit to such contention. First, the prosecuting attorney had no obligation to communicate to Mr. Puckett such preliminary, challenged and speculative information. *Giles v. Maryland* (1967), 386 U.S. 66, 98, 87 S.Ct. 793, 809, 17 L.Ed.2d 737, 758[10] (concurring opinion of Justice Fortas; no opinion was agreed upon by the Court). Secondly, there was nothing exculpatory of Mr. Puckett in the preliminary information disclosed to the prosecution.

The Court inspected the report again *in camera* during this trial. A sealed copy was provided for the record of this current trial.

### Admission of Evidence

■ The defendant objected to the admission of exhibits nos. 1–61, inclusive, on multiple grounds, including the ground that the chain of post-raid custody was not shown sufficiently as a foundation for their admissibility. That objection was overruled.

The exhibited materials consisted of various bulky items sufficient to operate a laboratory for the manufacture of the controlled substance, methamphetamine (or "speed"). They were seized by a federal drug enforcement (DEA) and other officers either in a raid made pursuant to a valid search warrant or in a search incidental to the lawful arrest of one of the named defendants herein.

The DEA officer had constructive possession of the exhibits from the time they were seized in the raid until he delivered them to his agency's office in Nashville, Tennessee. He kept them physically in a locked cell of the jail in the county in which most of them were seized for the remainder of the evening (actually early morning) of their sei-

---

**2.** The clerk will mail a copy of this memorandum opinion and order to Mr. Puckett at his

last known address.

zure. They were kept in the evidence-vault of his agency in Nashville until the same agent retrieved them to bring them to Court. Upon arrival in the town where the trial herein was to be held, the same DEA agent arranged with the sheriff of this county to keep them constructively in his custody in a place of security the sheriff provided until they were again withdrawn by the same agent to be delivered to Court and exhibited.

The DEA agent testified positively that each such exhibit was the same item seized in the raid. He was corroborated as to a portion of the material by other witnesses.

Such evidence was admissible because the possibilities of misidentification or alteration were eliminated " * * * 'as a matter of reasonable probability. * * *'" *United States v. Rocha,* C.A. 9th (1972), 458 F.2d 441[2], citing *inter alia United States v. Blue,* C.A. 7th (1971), 440 F.2d 300, 303, and for *cf. United States v. Hobbs,* C.A. 6th (1968), 403 F.2d 977, and citing and quoting from *Gass v. United States,* C.A.D.C. (1969), 416 F.2d 767, 770. The proposed exhibits were admitted as such.

### On Disposition of Bail Deposit

■ The defendant Mr. Robert Puckett was ordered released pending trial herein after execution on January 5, 1981 of an unsecured bond, for his appearance(s), as ordered and directed, in the principal amount of $25,000 and the deposit in the registry of the District Court for the Southern District of Texas, Corpus Christi Division, of the sum of $2,500 in cash as specified by Honorable Eduardo E. de Ases, United States magistrate, such cash-money to be returned upon the performance of the conditions of pretrial release. Rule 46(a), Federal Rules of Criminal Procedure; 18 U.S.C. § 3146(a)(3). Such deposit was made in the District Court for the Southern District of Texas, Corpus Christi Division, was transferred to this District Court, Northeastern Division, on January 7, 1981, and was deposited and remains in the registry of this Court and Division.

Such defendant performed the conditions of his release pending trial. (The conditions of his release post-trial were prescribed by this Court after his conviction under count 1 of the indictment herein on April 14, 1981.) The Court was presented on April 15, 1981 with a proposed order for the withdrawal from its registry of $2,500 deposited therein after such transfer and for its delivery to Allen Potter, Esq., substituted counsel for Mr. Puckett herein.

Ms. Grace Ponce, aka Ms. Darlene Grace Ponce, made a verified assignment on February 24, 1981 of the said deposit to Mr. Potter, Esq., asserting that such deposit constituted her "moneys". Ms. Darlene Grace Ponce signed a purported "supplemental affidavit" of March 30, 1981, bearing no signed jurat, that she is " * * * * the same person that [sic: who] placed monies with the United States Magistrate in Corpus Christi, Texas for the bond for Robert Puckett in * * * case no. Cr. 80–7 [sic: no. CR–2–80–7]. * * * "

The clerk of this Court represented that Ms. Bertha Rodriquez was contacted by his deputy over the federal telephone system on April 15, 1981 at FTS no. 8–734–3291 and verified to such deputy that " * * * Darlene Grace Ponce is the same person who deposited the cash bond * * * " in aid of Mr. Puckett's pretrial release herein. This Court notices judicially from the United States Court Directory of March 1, 1981 that the telephone number of Honorable Eduardo E. de Ases is "FTS–734–3291". *Harris v. Beech Aircraft Corporation,* D.C. Tenn. (1965), 248 F.Supp. 599, 601[2]. This satisfies the evidentiary requirement of authentication and identification, that the assignor Ms. Ponce, at the time of her aforementioned assignment to the assignee Mr. Potter, Esq., was the rightful owner of the sum of $2,500 on deposit in the registry of this Court. Rule 901(b)(6)(B), Federal Rules of Evidence.

Such assignor Ms. Ponce, being entitled now to a return of such deposit, 18 U.S.C. § 3146(a)(3), *supra,* and having assigned the same to Mr. Potter, Esq., the clerk of this Court hereby is

ORDERED to withdraw from the registry of this Court the sum of $2,500 and pay and deliver it to the order of Allen Potter, Esq. 28 U.S.C. § 2042.

### On Posttrial Motion For Acquittal

Within 7 days after the discharge of the jury, the defendant Mr. Robert Puckett renewed his motion for a judgment of acquittal of the charge in count 1 of the indictment herein.[1] Rule 29(c), Federal Rules of Criminal Procedure. Such motion lacks merit and hereby is

DENIED.

■ Only 3 matters raised by the motion warrant any comment by the Court. First, there was sufficient evidence from which the jury could find beyond a reasonable doubt that the conspiracy described in count 1 was formed and existing at or about the time and place alleged in the indictment; that Mr. Puckett knowingly and wilfully became a member of that conspiracy; that, after the formation of the conspiracy and during its existence, one of the coconspirators knowingly committed at least one of the overt acts charged in count 1, at or about the time and place alleged; and, that such overt act was committed in furtherance of some object or purpose of the conspiracy as charged.[2]

■ Secondly, entrapment was not a proper defense herein, since Mr. Puckett disputed vigorously every element of the offense.[3] " * * * Such a defense 'admits all elements of the offense,' * * * " and a defendant is not entitled to rely on the defense of entrapment where, as here, he refuses to admit having committed the acts charged. *United States v. Mitchell,* C.A. 6th (1974), 514 F.2d 758, 761[1], certiorari denied (1975), 423 U.S. 847, 96 S.Ct. 86, 46 L.Ed.2d 68, quoting from *United States v. Lamonge,* C.A. 6th (1972), 458 F.2d 197, 201 certiorari denied (1972), 409 U.S. 863, 93 S.Ct. 153, 34 L.Ed.2d 110.[4] Otherwise, the defendant would be claiming that " * * * he was entrapped into violating a law, that he also claims he did not violate in the first place. * * * " *United States v. Posey,* C.A. 6th (1974), 501 F.2d 998, 1002[5]. Even if Mr. Puckett had raised properly this defense, it is clear " * * * that this is not a case where the undisputed facts established entrapment as a matter of law. * * * " *United States v. Jackson,* C.A. 6th (1976), 539 F.2d 1087, 1090[2].

■ And finally, there was no showing of any overreaching, unfairness, or improper conduct on the part of agents of the government as would justify the setting-aside of the conviction on due process or other grounds. *See United States v. Brown,* C.A. 6th (1980), 635 F.2d 1207, 1211–1214; *United States v. Leja,* C.A. 6th (1977), 563 F.2d 244, certiorari denied (1978), 434 U.S. 1074, 98 S.Ct. 1263, 55 L.Ed.2d 780. The government's informant Mr. Michael Parries had been arrested and

1. Mr. Puckett was charged under each of the 3 counts of the indictment. After the close of the prosecution's evidence, the Court, on motion of Mr. Puckett, ordered the entry of a judgment of acquittal as to the offense charged against him in count 3. The jury found Mr. Puckett not guilty on count 2 but guilty under count 1.

2. " * * * The standard for the Court, when presented with a motion for entry of a judgment of acquittal after the discharge of the jury, is the same as for such motion at the conclusion of the prosecution's evidence or all the evidence. That standard is whether there was relevant evidence from which the jury could find or infer properly beyond a reasonable doubt that the defendant is guilty. * * * " *United States v. Grindstaff,* C.A.6th (1978), 479 F.Supp. 599, 605[13], affirmed C.A.6th (1979), 614 F.2d 773 (table); *see Jackson v. Virginia* (1979), 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 573 n. 11 [16b].

Of course, in considering such a motion " * * * the evidence and all reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the government. * * * " *United States v. Collon,* C.A.6th (1970), 426 F.2d 939, 942[2].

3. In fact, Mr. Puckett even relied partly upon an alibi defense.

4. *Accord: United States v. Smith,* C.A.6th (1978), 584 F.2d 759, 763[9], certiorari denied (1979), 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395; *United States v. Henciar,* C.A.6th (1977), 568 F.2d 489, 492–493[7], certiorari denied (1978), 435 U.S. 953, 98 S.Ct. 1582, 55 L.Ed.2d 803; *United States v. Kilpatrick,* C.A.6th (1973), 477 F.2d 357, 359[3].

"brought in" in North Carolina on a misdemeanor-charge involving the possession of cocaine. He volunteered to detectives that he had information of illegal manufactures by certain persons of scheduled drugs and was released without prosecution by such state to pursue that information.

Mr. Parries contacted one of the named-defendants herein, Mr. Snow, and was told on January 25, 1979 that, if several ounces of phenyl-2-proponone (p–2–p) could be obtained, he (Mr. Snow) could get the defendant Mr. Ramey to use it to manufacture methamphetamine. Mr. Parries repeated this conversation to such detective and another officer. The latter contacted an agent of the Federal Drug Enforcement Administration who arranged for 4 ounces of p–2–p.

Mr. Snow picked-up this supply of p–2–p from Mr. Parries on November 15, 1979 and returned afterward and advised Mr. Parries of the conspiracy. This pursuit of criminals only awaiting the opportunity to violate the law can hardly be deemed overreaching and the creation of crime on the part of any governmental authority.

On Motion To Appeal In Forma Pauperis

The defendant Mr. Puckett was convicted and sentenced herein on May 18, 1981. He filed no notice of appeal therefrom. Rule 4(b), Federal Rules of Appellate Procedure.

However, on the date mentioned, Mr. Puckett filed a document entitled "motion for leave to proceed in forma pauperis" and a certificate in which he answered questions regarding his ability to pay and that he has no dependents. His certificate was not made under the penalty of perjury under the laws of the United States. *See* 28 U.S.C. § 1746(2).

Such "motion" did not indicate that Mr. Puckett was giving therein a notice of appeal but, rather, contained language, such as: " * * * if this defendant desires to appeal * * * " and " * * * should this defendant request an appeal. * * * " It contained an unsworn declaration that he is unable to prepay fees, costs, or to give security therefor and his belief that he is entitled to redress, but it was silent as to

the issue(s) he might desire to present on an appeal.

Despite the heading of such "motion" by Mr. Puckett, it was concerned primarily with his request " * * * that counsel be appointed to advise this defendant on matters concerning appeal in this matter and to represent this defendant on appeal should this defendant request an appeal. * * * " It stated that his counsel at trial " * * * was retained only for the trial of this matter in the trial court and not for appeal. * * * "

 From this inept jumble of documentation filed by counsel for Mr. Puckett, the Court will assume (1) that Mr. Puckett has not undertaken to give notice of an appeal from his judgment of conviction herein, and (2) that he is undertaking to apply for the appointment of counsel to advise him with regard to a prospective appeal and to represent him in the event he gives notice thereof. It is only when the Court is satisfied after appropriate inquiry that the defendant in a criminal action is financially unable to obtain counsel that it is authorized by the Criminal Justice Act and the Plan of this District implementing it to appoint counsel for *any* purpose. *See* 18 U.S.C. § 3006A(b). This Court has not been so satisfied.

" * * * A party to an action in a district court who *desires* to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an *affidavit, showing*, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. * * * [Emphasis supplied.] * * * " Rule 24(a), Federal Rules of Appellate Procedure. Moreover, " * * * trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of his client on appeal until specifically relieved by the court of appeals." Rule 12(a), Rules of the United States Court of Appeals

for the Sixth Circuit, supplementing the Federal Rules of Appellate Procedure (effective March 25, 1981).

■ Even 'though Mr. Puckett has not filed a notice of appeal herein, it appears from a fair reading of the foregoing that his counsel of record herein, Allan Potter, Esq., of Corpus Christi, Texas,* who was Mr. Puckett's counsel of his own choosing herein, continues to have the responsibility to advise Mr. Puckett with regard to any prospective appeal and to represent him on appeal if he gives proper notice thereof. As there is nothing before this Court currently from Mr. Puckett on which this Court is authorized to act, this Court takes no action on his so-called "motion" and unsworn declaration.

## SUPPLEMENTAL MEMORANDUM

### On Motion To Appeal In Forma Pauperis

Further complicating this matter, *see* memorandum opinion of May 19, 1981 herein, the Court is now advised that there was lodged with the clerk on the preceding day a notice of appeal herein, which was not filed because the required filing-fee therefor was not paid and the defendant Mr. Puckett had not been adjudged an indigent, which has now been filed by the clerk. To that extent only, such memorandum opinion hereby is supplemented accordingly.

### On Denial of Motion To Appeal In Forma Pauperis

■ The defendant-appellant Mr. Puckett, desiring to proceed on appeal herein in forma pauperis, filed in this Court a supplemental motion for leave to so proceed, together with a supplemental affidavit, the latter showing, in the detail prescribed by form 4 of the appendix of forms of the Federal Rules of Appellate Procedure, the facts required by Rule 24(a) thereof, *except* he included in such motion, rather than in such affidavit, a statement of the issues he intends to present on appeal. This omission from the affidavit of a statement of the issues which the defendant-appellant in-

tends to present on appeal appears to be fatal to his motion; otherwise, there is no way for this Court to exercise its judicial discretion to determine the meritorious character of the appeal in which the defendant-appellant asks relief. *Kinney v. Plymouth Rock Squab Co.* (1915), 236 U.S. 43, 46, 35 S.Ct. 236, 238, 59 L.Ed. 457, 458.

Until 1910 a trial court lacked authority to order proceedings on appeal in forma pauperis. *Bradford v. Southern R. Co.* (1904), 195 U.S. 243, 251–252, 25 S.Ct. 55, 58, 49 L.Ed. 178, 181–182 (headnote 2). The law was changed in that year so as *inter alia* to extend its provisions so as to embrace proceedings on appeal. " * * * This being true, it is clear as to the new subjects, the allowance of the right in those cases was made to depend upon the exercise of the same discretion as to the meritorious character of the cause to the same extent provided under the statute before the amendment. * * * Indeed, this conclusion * * * plainly results from the express provisions of the amended section manifesting the purpose to subject the granting of the right in both the new instances provided for, to the exercise of judicial discretion to determine the poverty and good faith of the applicant and the meritorious character of the cause in which relief was asked. * * " *Kinney v. Plymouth Rock Squab Co., supra,* 236 U.S. at 45–46, 35 S.Ct. at 237–238, 59 L.Ed. at 458.

The foregoing references apparently are to the statute which is now codified as 28 U.S.C. § 1915. Sub–§ (a) empowers " * * *. [a]ny court of the United States * * * " to authorize proceeding on appeal in forma pauperis " * * * by any person whose *affidavit* states the nature of his or her action, etc. It is not a mere technicality that " * * * leave [to proceed on appeal in forma pauperis] may be obtained only upon an affidavit made as required by Sec. 1915 of Title 28 U.S.C.A. * * * " *Williams v. Pierce County Board of Commissioners,* C.A. 9th (1959), 267 F.2d 866, 867[2].

---

* Because of the time-factor involved, the clerk will advise such counsel by telephone of this reaction of this Court to the documents filed on May 18, 1981.

For such reason, the leave requested herein hereby is

DENIED.

### On Motion To Reduce Sentence

The defendant-appellant Mr. Robert Puckett gave notice on May 18, 1981 of an appeal from his judgment of conviction of the same date herein. Rules 3(a), 4(b), Federal Rules of Appellate Procedure. Such appeal pends.

■ He made *pro se* a timely motion on August 15, 1981 for a reduction of his sentence. Rule 35(b), Federal Rules of Criminal Procedure. This Court has no jurisdiction to consider Mr. Puckett's motion during the pendency of his appeal. *Berman v. United States* (1937), 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204, 205 (headnote 3).

For lack of jurisdiction in this Court to reduce the sentence of the defendant-appellant Mr. Puckett, his motion for such purpose hereby is

DENIED, without prejudice to his reapplying timely for such relief at the conclusion of his appeal and any further judicial review thereof. *See* Rule 35(b), *supra.*

### MEMORANDUM

### On Motion For Dismissal of Appeal

■ The defendant-appellant Mr. Robert Puckett gave notice on May 18, 1981 of an appeal from his judgment of conviction herein. Such appeal was docketed by the United States Court of Appeals for the Sixth Circuit on July 11, 1981.

Such defendant thereafter moved this District Court for a reduction in his sentence, Rule 35(b), Federal Rules of Criminal Procedure. Such motion was denied for lack of continuing jurisdiction in the District Court; however, such denial was without prejudice to such defendant's reapplying timely for such relief at the conclusion of his appeal and any further judicial review thereof. Memorandum opinion and order herein of September 1, 1981.

By letter of October 29, 1981, addressed to the undersigned judge, Mr. Puckett enclosed an apparently verified "motion for dismissal of appeal" * in no. 81–5384, copies of an interchange of correspondence with his attorney, and a "motion for reduction and/or modification of sentence", and requested that, " * * * after verification from the Sixth Circuit of my enclosed Motion to Dissmiss [sic] the Appeal, that Your Honor will consider granting me relief pursuant to the enclosed Rule 35 Motion."

" * * * If an appeal has not been docketed, the appeal may be dismissed by the district court * * *." Rule 42(a), Federal Rules of Appellate Procedure. " * * * Except in cases of application for relief properly grantable *ex parte,* all matters requiring action by the Judge or the Court, other than those submitted in regular session in open court or at any hearing pursuant to notice, shall be presented by motion or other proper application lodged with the Clerk or filed in his office and by him transmitted to the Judge; and if submitted by letter to the Judge will not be acted upon." Local Rule 13(a) of this District Court.

After an appeal has been docketed, as here, its " * * * dismissal may be effected only in the court of appeals. * * * " *United States v. Hitchmon,* C.A. 5th (1979), 602 F.2d 689, 692[7]. Accordingly, no action may be taken by this District Court on Mr. Puckett's aforementioned letter; however, the clerk of this District Court will provide the clerk of such appellate court with a copy of this memorandum for information, and the defendant Mr. Puckett and his (formerly-retained and now appointed) counsel will be served by the clerk forthwith with a copy hereof.

---

* This appeared to this Court to be a carbon-copy thereof.