**UNITED STATES, Appellee,**

v.

**Private (E–1) Darrell W. HARREL, SSN 434–04–9005, United States Army, Appellant.**

**CM 443139.**

U.S. Army Court of Military Review.

25 Nov. 1983.

Captain Marcus C. McCarty, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Colonel R. Rex Brookshire II, JAGC, and Major Paul J. Luedtke, JAGC.

Captain Karen A. Charbonneau, JAGC, argued the cause for the appellee. With her on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Contrary to his pleas, appellant was convicted of failing to obey a lawful order and assaulting another soldier with a means likely to produce grievous bodily harm, violations of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928, respectively. His approved sentence is total forfeitures, confinement at hard labor for ten months, and a dishonorable discharge. Appellant contends that the findings and sentence should be set aside and a rehearing authorized because the military judge erroneously severed an existing attorney-client relationship without any showing of good cause. We disagree and affirm.

\* Article 39(a), Uniform Code of Military Justice,

At the initial Article 39(a)\* session, appellant's civilian defense counsel, Mr. Yost, requested permission to withdraw as counsel stating,

Yes, primary reason, Your Honor, is quite simply a failure of communication. I've had several conferences with the accused, several conferences with detailed defense counsel, [and] defense counsel and I, I believe, share the same views on the case. We have discussed our mutual views, we've tried to communicate those the best we can to the accused, the accused up to this point has, in my opinion, not been totally candid with me or defense counsel as to what his position actually is on this case. Some of the requests that he has made of us may have been made in good faith, but are in the nature of frivolous demands. However, we have complied with his requests, I'm referring specifically to making contact with witnesses who might be called potentially at a trial. But after complying with those requests and after evaluating the case, it's clear to me that the accused has a totally different perspective than is warranted by our investigation. I don't feel that I can continue to be effective in representing the accused because of our lack of communication. If there had been some discussions concerning pretrial agreements, I feel that if in fact the accused elects to proceed in that fashion, detailed defense counsel will be able to conclude that part of the case for him. I don't think that I am essential to that. My further participation I don't think would serve any purpose.

The military judge allowed Mr. Yost to withdraw. Neither appellant nor his appointed military counsel were questioned on the matter nor did they object or comment as Mr. Yost left the court room.

The military judge then explained to appellant his rights to representation and counsel in the proceedings, which was followed by:

10 U.S.C. § 839(a).

[MJ:] Do you understand your rights as to representation and counsel in these proceedings?

ACC: Yes, sir.

MJ: Do you wish to be represented by Captain Meyer, your detailed military defense counsel?

ACC: Yes, sir, I would like also [to] obtain a civilian lawyer.

MJ: All right, as you are well aware, Mr. Yost has withdrawn from the case because he feels that you apparently are not together on your approach to the defense in this case. You do have the right to have a reasonable time to obtain a civilian attorney, what I'm concerned [about] in this case is the record indicates now that you've been in pretrial confinement since the 4th of May 1982. All this time that you're serving in pretrial confinement, although the court or myself can consider that if there's ever a sentence adjudged, it's not the same as confinement, so if confinement were adjudged in this case, you really are not necessarily entitled to any credit for your pretrial confinement.

Do you understand that?

ACC: Yes, sir.

MJ: And such a delay by you to obtain civilian counsel would be attributable to you, to the defense, it's not the Government's time, do you understand that?

ACC: Yes, sir.

MJ: And you still wish some additional time then, to try to obtain a civilian attorney?

ACC: Yes, sir.

MJ: All right, well we were originally scheduled to go to trial on this case today, and it's apparent that we're going to have to delay it. I'm not going to continue to delay this trial indefinitely.

ACC: Well, sir, if we was scheduled to go to trial today, then I'll just go ahead and go to trial today. What I was talking about, when I said I wanted to get a civilian lawyer, I think I'll just cancel that request and go to trial like you said today.

MJ: Is the prosecution ready to proceed?

TC: Your Honor, the Government has known for several days, possibly a week or two, that this case had some difficulties with it, we have several witnesses that are now out of town and have not been flown in because we knew this case was not going today. The Government is not ready to proceed today, we were ready to proceed prior to notification by the defense that problems were arising with the accused.

MJ: Well when is the earliest that the Government will be ready to proceed in this case?

TC: The Government can proceed, sir, upon notification of their witnesses and transportation to Fort Ord.

MJ: Okay, how long is that, how long a time would be required to get the witnesses to Fort Ord?

TC: I would anticipate, sir, within a week.

MJ: How long does the Government anticipate it will take to conduct this if it were a contested trial with a jury?

TC: One day, sir.

MJ: Well since the accused is in pretrial confinement I'm concerned about getting the case to trial, and I think that I can move my scheduling around to try this case next week on the 22d, next Thursday, on the 22d of July. Do you want to go to trial next week?

ACC: Yes, sir, that would be fine.

MJ: Can the Government be ready on the 22d?

TC: Sir, the Government will make every attempt to have the witnesses flown in.

MJ: All right, let's proceed with the script and we'll go through arraignment, it appears that counsel for both sides have the requisite qualifications.

TC: Sir, one question, did the accused state that he was satisfied then with Captain Meyer and would be ready to proceed with the trial with him, is that—

MJ: That's my understanding, is that correct Private Harrel?

ACC: Yes, sir.

MJ: You're satisfied with Captain Meyer as your detailed military defense counsel, and after thinking it over you no longer wish to try to retain a civilian attorney, is that correct?

ACC: Yes, sir, beg your pardon, sir, in that week's time that was alloted, if I also desire to find myself a civilian lawyer and I can have one available on that date, would it be possible that I could bring him in?

MJ: Oh, sure, but I'm not going to entertain any further requests for delay.

ACC: Oh, no, sir.

When the court reconvened six days later, the appellant was represented only by Captain Meyer, who remained his counsel for the remainder of the trial.

We find that the military judge did not sever an attorney-client relationship between appellant and his civilian lawyer. This relationship was terminated by Mr. Yost. Our consideration is whether the military judge abused his discretion by allowing Mr. Yost to withdraw as counsel. *See United States v. Stephens,* 46 C.M.R. 917, 920 (N.C.M.R.1972); *United States v. Ramey,* 559 F.Supp. 60 (E.D.Tenn.1981).

Ethical Consideration 2–32 of the Model Code of Professional Responsibility (1981), states, in pertinent part, that a "decision by a lawyer to withdraw should be made only on the basis of compelling circumstances...." Disciplinary Rule 2–110(C)(1) of the Model Code of Professional Responsibility (1981), permits an attorney to withdraw when, *inter alia,* his client

(a) Insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

(d) By other conduct [which] renders it unreasonably difficult for the lawyer to carry out his employment effectively.

*See United States v. Timberlake,* 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973) (because of deep-seated and persistent differences of opinion as to defense tactics between accused and defense counsel and because defense counsel's participation was not such

as to give him a unique knowledge of the case no one else on the defense team possessed since the appointed defense counsel had done more work and was prepared to go to trial, pretrial termination of attorney-client relationship did not deprive accused to counsel of his own choice since good cause for release existed).

Mr. Yost's reasons for withdrawing as counsel are sanctioned by the above-cited authorities. The military judge should have questioned appellant as to his feelings and desires on this matter, but under the facts and circumstances of this case, we find no prejudice by his failure to do so. Appellant had adequate time to employ another attorney before trial began and was very ably represented by Captain Meyer. *See United States v. Catt,* 1 M.J. 41, 48 (C.M.A.1975), and cases cited therein; *United States v. Jordan,* 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973); *United States v. Stephens,* 46 C.M.R. at 920.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge WERNER concur.