**UNITED STATES of America**

v.

**Reginald C. REILLY.**

**Crim. 85–00020–01–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 17, 1985.

James R. Spencer, John McDougal, Asst. U.S. Attys., Richmond, Va., for plaintiff.

James C. Roberts, Harold E. Starke, Jr., Richmond, Va., for defendant.

### ORDER

WARRINER, District Judge.

Defendant Reginald C. Reilly had filed a motion under Rule 35(b) for a reduction of his sentence. The motion is occasioned by the occurrence of frequent attacks of angina pectoris which, in the opinion of his physician, result from conditions of stress incident to defendant's incarceration.

The motion was filed within 120 days after sentencing but it was filed during pendency of an appeal. The Court's jurisdiction under such circumstances is not mentioned in defendant's brief but as a court of limited jurisdiction, jurisdiction to hear and decide a matter must always be the first inquiry in every case.

My own research on the question of jurisdiction convinces me that I do not have jurisdiction to consider the motion for reduction of sentence under Rule 35(b) pending appeal. A case squarely on point is *United States v. Ramey*, 559 F.Supp. 60, 68 (E.D.Tenn.1981). In *Ramey* Judge Neese held:

> [Defendant] made pro se a timely motion ... for a reduction of his sentence. Rule 35(b), Federal Rules of Criminal Procedure. This Court has no jurisdiction to consider [defendant's] motion during the pendency of his appeal. *Berman v. United States*, (1937), 302 U.S. 211, 214 [58 S.Ct. 164, 166, 82 L.Ed. 204] [ (1937) ]. . . .

Though *Ramey* is, as noted, directly on point, the authority cited by Judge Neese is not. *Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937), did not involve a motion under Rule 35. Indeed, *Berman* involved procedural hugger-mugger in the district court at defendant's request intended to aid defendant in his quest to avoid dismissal of his appeal of a district court conviction. I surmise that his appeal was not perfected within the required time after the original sentencing. Accordingly, he applied for resentencing with only token changes. The district court complied with his request and defendant proceeded to appeal from the "second" sentence.

A unanimous Supreme Court speaking through Chief Justice Hughes struck down this procedure, not on the basis of impropriety, nor on the basis of the lack of statutory authority, but purely on the basis of jurisdiction. The Court held:

> As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner.

*Berman* at 214, 58 S.Ct. at 166.

What defendant here asks this Court to do is "to modify its judgment" during the pendency of an appeal. The Supreme Court in *Berman* says I have no such authority. Judge Neese in *Ramey* says this holding of the Supreme Court applies to Rule 35(b) motions. His ruling is wholly in conformity with the general proposition that a properly filed appeal ousts a trial court of all substantive jurisdiction over the appealed litigation. Consistent with the language of the Supreme Court, with the specific authority of *Ramey*, and with the general proposition of law, I conclude this Court lacks jurisdiction to consider Mr. Reilly's motion for reduction of sentence, timely filed, pending appeal. Accordingly, the motion is DISMISSED.

And it is so ORDERED.